Lea, Sp. J.,
delivered the opinion of the court;
Appeal from the chancery court at Knoxville.
Thomas Johnson, being indebted to complainants, conveyed a house and lot in Knox county, which was his home and only property, to Stephen H. Johnson, his wife’s father, one of the defendants. His wife, the appellant, Mary E. Johnson, joined him in the execution of the conveyance, which was acknowledged, as required by law. The consideration expressed in the deed was $3,300, for which the vendee executed his notes to his daughter. Complainants filed their bill on the. 22d day of April, 1874, attacking said deed as fraudulent and without consideration, and attaching said house and lot to satisfy their debt. On the same day on which complainants filed their bill, Stephen Ii. Johnson caused to be registered a deed for this same house and lot from himself back to. his daughter, Mary E., reciting a consideration of $3,300. On the- 25th day of April, 1874, complainants filed their amended bill, attacking the last mentioned conveyance and enjoining the parties from further transfers.
The defendants answered, and the only quéstion pre *42 sented for oar determination is, whether Mary E. Johnson is entitled to homestead', no question being made as to the two conveyances being fraudulent. The chancellor held that she was not entitled to a homestead out of said house and lot, and we affirm the decree. When she executed and acknowledged the deed, although fraudulently done by her husband, she thereby parted with the right to homestead, and the fact that the land was afterwards fraudulently conveyed back to her, will not entitle her to homestead.
The decree will be affirmed with costs.