## In re TOLLETT.

### (District Court, E. D. Tennessee. November 15, 1900.)

1. BANKRUPTCY—HOMESTEAD—EFFECT OF FRAUDULENT CONVEYANCE.
   Where a debtor residing in Tennessee made a voluntary conveyance of his homestead in fraud of his creditors, and was subsequently adjudicated a bankrupt on his voluntary petition, in which he did not schedule such homestead, the trustee became, by operation of law, vested with the right to recover the property for the benefit of creditors, and such right was not affected by a subsequent reconveyance by the grantee to the bankrupt, nor did such reconveyance, under the decisions of the state courts, revest the bankrupt with a right of homestead in the property, or to the crops growing thereon, at the time of the filing of his petition.

2. SAME—JURISDICTION OF COURT OF BANKRUPTCY—HOMESTEAD RIGHT OF WIFE.
   The claim of the wife of a bankrupt to a homestead right in property of her husband as against his trustee is one which a court of bankruptcy is without jurisdiction to determine in a case like the one at bar.

In Bankruptcy.

The following is the opinion of D. L. Grayson, Referee:

In this cause the petitioner, C. Tollett, filed his original petition, scheduling neither realty, growing crops, nor beef cattle. At the first meeting of creditors the petitioner was examined by counsel for creditors in interest, and the following facts were developed: That on the 3d day of January, 1900, the petitioner and his wife conveyed his homestead to one C. P. Taylor, naming in the deed a consideration of $500. His petition in bankruptcy was filed under date of February 26th, following. On or about 1st of June, 1900, said Taylor reconveyed the real estate in question back to the petitioner, and by leave of the court granted at the creditors' meeting aforesaid this has been scheduled as an asset by amended petition duly filed. The petitioner admitted on his examination that no consideration in fact emanated from said Taylor to him, but that this transaction was voluntary; and it is evident from the proof that it was made purely for the purpose of hindering, delaying, and defrauding creditors. It is now insisted by the bankrupt's counsel that he, as well as his wife, is entitled to a homestead in the aforesaid real estate, and that the same should be so adjudged as prayed in the amended petition. It appears from the proof that the wife of the petitioner joined in the conveyance to Taylor in the manner prescribed by the state statutes, and the legal effect of such joinder was to transfer the homestead right under the well-settled rulings of the supreme court of Tennessee, regardless of any express waiver in the deed. This much is admitted, but it is contended by petitioner's counsel that the homestead revested in both petitioner and his wife upon the recon-

veyance to them by Taylor. This would undoubtedly be true if the convey-
ance in question had been originally free from taint of fraud; but, it being
admitted that the conveyance to Taylor was without consideration, and the
proof showing the existence of debts at such time, and the wife having joined
in that deed, and no reservation of sufficient assets to pay said existing indebt-
edness having been shown, said transfer was fraudulent in law, if not.in fact,
upon the part of the bankrupt, and under the authority of Cowan v. Johnson,
reported in 2 Tenn. Cas. 41, I must hold that the reconveyance of said prop-
erty back to the petitioner does not revest the homestead right. The case
in question holds "that the wife who joins with her husband in a ·deed fraud-
ulently conveying his home and only property thereby parts with her right to
homestead therein, and the fact that the land was afterwards fraudulently
conveyed back to her will not entitle her to homestead." This is the syllabus
of the decision. In the opinion Judge Lea says: "When she executed and
acknowledged the deed, although fraudulently done by her husband, she there-
by parted with the right to homestead, and the fact that the land was after-
wards fraudulently conveyed back to her will not entitle her to homestead."
This case is cited and approved by the court in the subsequent cases of Gibbs
v. Patten, 2 Lea, 183; Ruohs v. Hooke, 3 Lea, 305; Nichol v. Davidson Co.,
8 Lea, 395–398,—this latter case denying the suggestion that the cases in 2
and 3 Lea had weakened the force of this opinion, but, on the contrary, show-
ing that they were to be distinguished from Cowan v. Johnson, in that in
the 2 and 3 Lea cases the wife had only accepted the benefit of a fraudulent
transfer, and had not joined in one. The argument by petitioner's counsel
that the wife should not at least be deprived of homestead in this land because
the proof of her husband shows that he did not explain to her the purport
of the conveyance is sufficiently met by the facts in the decision quoted, and ·
need not be further noticed, except to say that, the wife not being before the
court, her right to homestead cannot be adjudicated. It is therefore held that
petitioner is not entitled to a homestead in the realty scheduled in the amended
petition; and the trustee, at such time as due advertisement can be made and
sale had, will sell the entire fee in this property.

With respect to the question of growing crops it appears from the proof that
they were planted before the filing of the petition, but that since its filing the
bankrupt has conserved them by services rendered looking to their preserva-
tion from the elements, etc. Having already held that the petitioner is not
entitled to homestead, this disposed of the right of the petitioner to said crops
as exempt property, because such right is legally predicated alone upon the
theory that they be raised upon the homestead, and are exempt for such rea-
son. The trustee will therefore be directed to take possession of such crops,
and harvest the same; but they will, of course, be subject to such lawful
liens as are recognized by the state law for supplies furnished, etc. Said
liens must, however, be presented for adjudication and allowance in this court,
the court having possession of the res in which the lien is claimed. The
bankrupt will also be entitled to reasonable compensation, to be fixed by the
court for services rendered in caring for said crops since the date of filing his
petition.

With respect to the seven head of cattle of the value of $20 each, which the
proof shows were transferred by the bankrupt to his counsel as security for
services in this bankruptcy proceeding, it is sufficient to say that by virtue
of the provisions of section 60d of the act the court can fix the compensation
of counsel, but the excess must be recovered by the trustee for the benefit of
the estate. I have no power to order counsel to surrender this property to the
trustee, but will fix their fee for services in this matter, unless the same can
be agreed on with the trustee, in which event the court will adopt such agreed
figure, and any surplus remaining must, in the event counsel decline to sur-
render possession of said cattle to the trustee, be recovered by him by suit
instituted for such purpose. It is intimated in the report of the trustee that
the sum of $50 is all that is claimed by said counsel. If this be true,'the
court will be pleased to hold that such sum is reasonable, and will so adjudge
upon consent of parties. The application of the petitioner for the exemption
of one of said cattle as exempt to him in addition to the one cow heretofore
set apart· to him by the trustee is declined: The petitioner, having given a

preference by said transfer, is not now entitled to said exemption out of property which may be recovered by the trustee, and he has, furthermore, waived his right to claim the same as exempt by not including the same in his claim for exemptions heretofore filed. See In re Friedrich, 40 C. C. A. 378, 100 Fed. 284. The claim of Elijah Tollett, Sr., to a first lien upon the seven head of cattle because he furnished the sum of $50 to the bankrupt for their purchase, will be denied, because there is no resulting trust in personal property.

This disposed of all questions before the court in this matter, so far as I am at present advised.

W. B. Miller, for petitioner.

J. B. Swafford, for creditors.

CLARK, District Judge. The sole question certified to me by the referee in this case, stated in his own language, is as follows: "Whether or not the petitioner is entitled to a homestead in the real estate set out in his amended schedule, and to the crops growing thereon at the time of filing his petition." Upon the evidence disclosed by the record, there can be no doubt that the conveyance made by the bankrupt of the land in which homestead is now claimed was fraudulent; certainly so in law, whatever might be considered true as a matter of fact. The conveyance was entirely voluntary. In this situation of affairs, when the bankrupt was duly adjudged such bankrupt, the right to set aside this conveyance and to recover this property and subject the same to the debts of the bankrupt's creditors became, by operation of law, vested in the trustee for the benefit of such creditors, and the subsequent attempted conveyance by the fraudulent vendee back to the vendor had no effect on this right; and under the decisions of the supreme court of this state construing the homestead law the bankrupt, under such circumstances, is not, as against creditors, entitled to homestead. It is accordingly so adjudged, confirming in that respect the view of the referee. The question debated whether or not the wife of the bankrupt has, by reason of joining her husband in the fraudulent conveyance, deprived herself of homestead, is a question not before this court, as the wife is not a party to the suit by any mode of service of process, actual or constructive, and that question is accordingly left undecided. If the wife of the bankrupt should be duly advised that she may assert her homestead right, notwithstanding the conveyance in which she joined, a remedy in the state court is open to her in that behalf according to the case just decided by the supreme court of the United States of Bardes v. Bank, 2 Nat. Bankr. N. 725, 20 Sup. Ct. 1000, 44 L. Ed. 1175. This court would be without jurisdiction of a suit by the wife claiming homestead against the trustee, and such a suit could only be prosecuted in the state court, unless, by consent, it should be prosecuted in this court. Judgment will be entered accordingly.