### In re TOLLETT.

(Circuit Court of Appeals, Sixth Circuit. March 5, 1901.)

No. 898.

BANKRUPTCY—HOMESTEAD—VOLUNTARY CONVEYANCE—FRAUD—CONSTRUCTIVE—ACTUAL.

Where a debtor residing in Tennessee, shortly before filing his petition in bankruptcy, acting in good faith on the advice of his attorney, voluntarily conveyed his homestead to his wife, and afterwards, before his examination, receiving different advice, secured a reconveyance to himself, and on obtaining leave amended his schedule by including the homestead therein, such homestead should be set aside to the bankrupt in the bankruptcy proceedings, since the conveyance to his wife was not fraudulent in fact, and, as his creditors had no interest in or claim on his homestead interest in the land, the conveyance of such interest could not injure or be fraudulent as to them.

Petition for Revision of Proceedings in the District Court of the United States for the Eastern District of Tennessee.

Harvey Terry, for petitioner.
J. V. Lee, opposed.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge. The petitioner, a voluntary bankrupt, seeks to review the order of the district court denying him a homestead in land set out in his schedule as an asset. 105 Fed. 425. He is a citizen and resident of Tennessee, and is the head of a family. For many years he owned and occupied a small farm, valued at $1,000, which he claimed and held as a homestead under the homestead law of the state. This was the only land owned or claimed by him at the time of his bankruptcy. Within four months prior to his adjudication as a bankrupt he conveyed this land by a deed, in which his wife joined, to one Taylor, for the recited consideration of $500, but remained in possession. Shortly after his bankruptcy, and before examination, Taylor reconveyed same to petitioner, who thereupon applied for and obtained leave to amend his schedule, and include this land as an asset, and to claim a homestead therein. The referee denied this claim, and on request certified the question to the district

judge, together with an agreed statement of the facts and his own finding. Upon this record the district judge affirmed the order of the referee. The ground upon which the right of homestead was denied was that under the Tennessee decisions a debtor was not entitled to a homestead in property recovered by his creditors which had been fraudulently conveyed by him, and that the reconveyance procured by the bankrupt after he had been adjudicated a bankrupt accomplished no more than would have resulted from a suit by the trustee in bankruptcy. The findings of the referee and the opinion of the district judge are reported in 105 Fed. 425, 427. The Tennessee constitution (article 11) provides that:

"A homestead in the possession of each head of a family and the premises therein, to the value, in all, of one thousand dollars, shall be exempt from sale, under legal process, during the life of such head of a family to inure to the benefit of the widow, and shall be exempted during the minority of their children occupying the same; nor shall said property be alienated without the joint consent of husband and wife, when that relation exists."

The homestead estate or interest is but an estate carved out of the fee for the life of the debtor, his widow, and his children during their minority. The homestead interest is the estate which is exempted from sale under legal process, and which can be conveyed only by the joint conveyance of husband and wife, where that relation exists. The remainder interest, subject to this homestead estate, is subject to sale by legal process to pay the debts of the owner of the fee. Flatt v. Stadler, 16 Lea, 371; Howell v. Jones, 91 Tenn. 403, 19 S. W. 757. The only land which the petitioner owned was the land in which he now claims a homestead. Inasmuch as its value did not exceed $1,000, no formal assignment of homestead in it was necessary. The homestead right attached to and covered the whole land and its improvements. Briscoe v. Vaughn, 103 Tenn. 308, 52 S. W. 1068. Neither does the right of homestead depend upon occupancy since the Tennessee act of 1879, for it constitutes, when assigned, a vested life estate, which passes under the deed of the owner in the same manner as any other life estate. Acts 1879, c. 171 (Shannon's Tenn. Code, §§ 3798, 3800); Cowan v. Carson, 101 Tenn. 523, 50 S. W. 712; Briscoe v. Vaughn, 103 Tenn. 308, 52 S. W. 1068. The only interest which was subject to the creditors of the petitioner was the remainder interest in the land in which he now asks a homestead. If the homestead estate was not subject to creditors, it is difficult to see how a conveyance limited to that estate could be fraudulent as to creditors. Leslie v. Joyner, 2 Head, 514. A voluntary conveyance of a homestead neither hinders nor prejudices creditors, and, whatever the motive of the grantor, creditors are not wronged, inasmuch as it was not subject to either legal or equitable process in their favor. Thomson v. Crane (C. C.) 73 Fed. 327; Fellows v. Lewis, 65 Ala. 343, 354. The difficulty is that the petitioner conveyed the entire fee, thereby including the remainder interest, which was subject to creditors. But does it follow that, because exempt and nonexempt property are joined in one conveyance, the creditors' rights are enlarged if the conveyance was a voluntary one? How a homestead may be acquired or lost must depend upon the law

of the state under which the right of homestead arises. That law, as construed and applied by the highest court of Tennessee, constitutes a rule of property binding upon the federal courts in respect to homestead rights claimed in that state. Brashear v. West, 7 Pet. 608, 8 L. Ed. 801; Allen v. Massey, 17 Wall. 351, 21 L. Ed. 542; Bank v. Glass, 25 C. C. A. 151, 79 Fed. 706.

What, then, is the effect upon a debtor's right of homestead if he fraudulently convey the property in which he claims it? In Cowan v. Johnson, 2 Tenn. Cas. 41, it was held that, where the husband and wife joined in the execution of a conveyance which was fraudulent in fact, neither could claim a homestead in the property so conveyed when their deed had been set aside by creditors. In Ruohs v. Hooke, 3 Lea, 302, a transfer of a house and lot, occupied by the debtor to his wife, based upon love and affection, was held void as to existing creditors, because the husband had not retained property sufficient to provide for his existing liabilities. But upon application by the wife homestead was assigned in the property so recovered. Cowan v. Johnson was distinguished upon the ground that both husband and wife had participated in a conveyance which was fraudulent in fact. The case is a distinct authority for holding that the right of the wife to claim a homestead in property subject to the right of homestead is not forfeited when conveyed by the husband to the wife by a deed which is only constructively fraudulent. In Nichol v. Davidson Co., 8 Lea, 389, a conveyance by the husband to his wife was set aside for fraud, and the wife denied a homestead. The case was rested upon Cowan v. Johnson. The latest Tennessee case dealing with this subject is that of Rosenbaum v. Davis, decided since the decision in the court below, and reported in 60 S. W. 497. There a conveyance by the husband to the wife was set aside by creditors as fraudulent in law. The wife was held not to be estopped by her acceptance of the deed, and was allowed homestead out of the property recovered from her by the creditors. The preceding cases were fully reviewed by Judge McAllister, and the conclusion reached that the wife's right of homestead is not lost when the conveyance is not fraudulent in fact. It is a matter of no importance whether the application for a homestead came from the petitioner, or his wife, or both. The homestead is for the joint benefit of husband, wife, and minor children. The wife's application, as would that of the husband, inures to the use of all. In Himes v. Smith, 2 Tenn. Cas. 431, a homestead was allowed upon the husband's application against his own deed, his wife not having joined therein. A valid joint conveyance by husband and wife, or a joint participation in a conveyance fraudulent in fact, is necessary to convey or forfeit the homestead right. In both Ruohs v. Hooke and Rosenbaum v. Davis, cited above, the husband was grantor and the wife grantee; yet the wife's application for homestead was not denied, though she was a party to the conveyance which had been set aside as constructively fraudulent. The estoppel in those cases was no stronger against the husband than the wife. What the one gave, without moral fraud, the other had accepted. The test is, was the conveyance in which husband and wife participated, either as

joint grantors or as grantor and grantee, free from actual, wicked fraud? If so, the homestead right may be asserted in property thus conveyed as against the claims of creditors affected thereby. If, on the other hand, the transaction is tainted with purposed fraud, the right of homestead is lost when both husband and wife participate. This forfeiture of the homestead right in cases of actual fraud is said in Gibbs v. Patten, 2 Lea, 180–183, to be a rule founded on ethics, "in that it visits fraud with severe penalties."

This brings us to the question as to the actual character of the conveyance made by the petitioner and his wife of the property in which the petitioner now asserts a right of homestead. That this review of the order of the district judge extends only to questions of law must be conceded. If the facts have been settled by the district judge, we cannot go behind his finding of fact. There was a finding of fact and law by the referee, but the order of the referee was not reviewed upon this finding of facts nor upon the referee's summary of the evidence. The referee certified the entire evidence as an agreed statement of facts, and the district judge reviewed the referee's order upon the entire evidence heard by the referee. In this state of the record the finding of facts or opinion of the referee upon the facts is of no evidential value. The hearing by the district judge was an original hearing upon all of the evidence. But it has been argued that the learned district judge found that the deed to Taylor was fraudulent, and that this finding is conclusive. But the learned district judge did not find that the transaction was fraudulent in fact. Having well in mind the distinction between constructive and actual fraud, he stopped with a finding that the conveyance was "fraudulent in law." Referring to his opinion, which constitutes the only finding made by him, he said upon this subject that, "upon the evidence disclosed by the record, there can be no doubt that the conveyance made by the bankrupt of the land in which the homestead is now claimed was fraudulent; certainly so in law, whatever might be considered true as a matter of fact." In the absence of a specific finding of the fact of actual as distinguished from constructive fraud, we can only conclude that the order of the referee was confirmed upon the ground that the conveyance was constructively fraudulent, and that under the Tennessee decisions the bankrupt forfeited his right of homestead by a conveyance constructively fraudulent if the wife joined therein. That the learned judge did not mean to be understood as finding fraud in fact is very obvious from the agreed statement of facts, which constituted the whole of the evidence. The only evidence consisted in that given by the bankrupt himself when examined at a creditors' meeting. The sum of it is this: Acting under bad legal advice, he assumed that this entire tract of land, being only of the value of $1,000, was exempt, and could be conveyed at his pleasure, without wrong to his existing creditors. He wished to convey it to his wife, but, being advised that he could not do so directly, he conveyed to Taylor, who was closely related to his wife, with the purpose and in trust that Taylor would convey it to his wife. Two months afterwards he ap-

plied to be declared a bankrupt, and omitted this property from his schedule. Later on, and before he had been examined, or any step taken to reach this property, he was advised that the creditors had a right to the remainder interest in his homestead. Thereupon he procured Taylor to reconvey to him, applied for and obtained leave to amend his schedule by adding this property as an asset in which he claimed a homestead. That the conveyance of the remainder estate was voluntary and void as to creditors because he was at the time indebted to insolvency, is plain. But that his purpose was to cheat, defraud, or hinder his creditors is not the inference which the district judge drew from this evidence. So far as the conveyance was in contravention of the rights of his creditors, he has rectified matters by procuring a reconveyance. This he did in advance of any action by creditors or in their behalf. But, assuming that he has thereby accomplished what an action by the trustee would have accomplished, and that his rights are not other or greater than if the trustee had set the deed aside, we nevertheless reach the conclusion that the transaction was free from moral fraud, and was only constructively fraudulent. The case is, therefore, governed by the milder and more just rule announced in Ruohs v. Hooke and Rosenbaum v. Davis, cited above. The order denying homestead was erroneous. It will be set aside, and the property sold, subject to the homestead rights of the petitioner as herein indicated. The trustee will pay the costs of this proceeding out of the bankrupt's estate.