In re GARNER.

(District Court, W. D. Virginia.   May 1, 1902.)

**1. BANKRUPTCY—HOMESTEAD EXEMPTION—CLAIM OF.**

The mere act of a bankrupt, in claiming a homestead exemption in the schedule filed by him, is not a compliance with Code Va. § 3631, providing that, in order to secure the benefit of the exemption of real estate, the homesteader shall by a writing filed by him and duly submitted to record, to be recorded as deeds are recorded, declare his intention to claim such benefit and select and set apart the real estate to be held by him as exempt, etc., or with section 3639, providing that the personal property claimed as exempt shall be selected and set apart by the householder in a writing signed by him, and the said writing shall be admitted to record, to be recorded as deeds are recorded.

**2. SAME—WHEN NOT ALLOWED.**

The homestead exemption will not be allowed where the homestead waiver creditors, and not the bankrupt's family, will secure the benefit thereof.

McDOWELL, District Judge.   On October 8, 1900, on the petition of certain creditors, C. S. Garner was adjudicated an involuntary bankrupt.   On November 2, 1900, he filed schedules, and in Schedule B 5 he set apart under the "poor debtor's law" and valued certain household furniture and supplies, of a total value of $110.75, and also made claim to his homestead in the following language: "I also claim my homestead exemption of $2,000 under

section 3630, Code Va. 1887, out of the sale of my stock of merchandise and real estate, $2,000." The time of filing the schedules was extended by agreement. At the first meeting of creditors claims aggregating over $2,500, evidenced by "homestead waiver" instruments, were proved; claims subject to the homestead, amounting to over $3,700, were proved; and subsequently something over $3,000 of additional claims, some of them subject to the homestead exemption, and some of them evidenced by homestead waiving instruments, were proved. The appraised value of the bankrupt's estate was:

| | |
|---|---:|
| Stock of merchandise | $3,448 07 |
| Real estate | 1,200 00 |
| Accounts, etc., estimated at | 400 00 |
| | $5,048 07 |

Subsequent to the appraisement, by consent of the bankrupt and of his creditors, all of the above property was sold for cash at the lump price of $3,500. On December 21, 1900, the bankrupt filed a petition with the then referee, praying that the trustee be required to deliver to him the specific articles claimed under the poor debtor exemption, and also "that the homestead exemption of two thousand dollars be applied to the creditors of the petitioner as to whose debts the petitioner has waived the benefit of his homestead exemption." On the next day the referee, upon proof that the bankrupt was a householder, made an order reading, inter alia: "It is ordered that said homestead exemption of $2,000 be, and the same is hereby, allowed him, subject, however, to the rights of the creditors whose claims waive the benefit of said exemption to subject the same to the payment of their debts." From this order the trustee has appealed to the court.

No question is made in this case as to the bankrupt's right to the specific articles claimed under the "Poor Debtor's Law" (section 3650, Code 1887). The contest is as to the homestead exemption. Under the Virginia law (Const. art. 11; Code 1887, § 3630 et seq.), a householder is entitled to set apart and hold exempt real and personal estate, or either, to an amount not exceeding $2,000 in value.

The following sections of the Code of Virginia are here of interest:

"Sec. 3631. How Exemption of Real Estate Secured. In order to secure the benefit of the exemption of real estate under the preceding section, the householder shall, by a writing signed by him and duly admitted to record, to be recorded as deeds are recorded, in the county or corporation wherein such real estate, or any part thereof, is, declare his intention to claim such benefit, and select and set apart the real estate to be held by him as exempt, and describe the same with reasonable certainty, affixing to the description his cash valuation of the estate so selected and set apart. Equitable as well as legal estates may be so selected and set apart."

"Sec. 3639. How Set Apart in Personal Estate. Such personal estate shall be selected by the householder and set apart in a writing signed by him. He shall, in the writing, designate and describe with reasonable certainty, the estate so selected and set apart and each parcel or article, affixing to each his cash valuation thereof; and the said writing shall be admitted to record, to be recorded as deeds are recorded, in the county or corporation wherein such householder resides."

"Sec. 3642. When the Exemption may be Set Apart. The real or personal estate, which a householder, his widow, or minor children are entitled to hold as exempt, may be set apart at any time before the same is subjected by sale or otherwise under judgment, decree, order, execution, or other legal process."

"Sec. 3647. Waiver of Exemption; Its Effect; Form of Waiver. If any person shall declare in a bond, bill, note, or other instrument, by which he is or may become liable for the payment of money to another, or by a writing thereon or annexed thereto, that he waives, as to such obligation, the exemption from liability of the property or estate which he may be entitled to claim and hold exempt under the provisions of this chapter, the said property or estate, whether previously set apart or not, shall be liable to be subjected for said obligation, under legal process, in like manner and to the same extent as other property or estate of such person."

The petition of the bankrupt and the order of the referee bring this case under the ruling in Moran's Case (D. C.) 105 Fed. 901, affirmed in Moran v. King, 49 C. C. A. 578, 111 Fed. 730. The only distinction between the two cases is that here the "claim" of homestead was made in the schedule as first filed. But merely claiming a homestead in a schedule is not a compliance with section 3631 as to real estate, or with section 3639 as to personal property. And, aside from this, the principle laid down by the Moran Case is that the homestead exemption will not be allowed where the homestead waiver creditors, and not the bankrupt's family, will secure the benefit of the exemption. Whether this principle be sound or not, it is binding on this court in this case.

The ruling of Referee Coleman is reversed, and an order may be entered directing the trustee to distribute the fund without regard to the claim of homestead.