## In re FISHER.

(District Court, W. D. Virginia. November 1, 1905.)

1. BANKRUPTCY—EXEMPTIONS—TIME FOR CLAIMING.

   The provision of Bankr. Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], that the trustee shall be vested with the title of the bankrupt to certain property as of the date of adjudication, "except in so far as it is to property which is exempt," does not show an intent that the claim of exemption must have been made prior to adjudication, and such claim may be allowed, if perfected thereafter within the time allowed by the state law.

2. SAME—AMENDMENT OF SCHEDULES.

   Bankr. Act July 1, 1898, c. 541, § 7 (8), 30 Stat. 548 [U. S. Comp. St. 1901, p. 3425], providing for the filing of schedules and their contents, is directory, and, taken in connection with the express right of allowing amendments given by section 39 (2) (30 Stat. 555 [U. S. Comp. St. 1901, p. 3436]), and Gen. Order No. xi (89 Fed. vii, 32 C. C. A. xiv), does not preclude the court in its discretion from allowing claims of exemption to be made by amendment after the original schedule has been filed.

3. SAME—HOMESTEAD EXEMPTION—VIRGINIA STATUTE.

   Under Code Va. 1904, § 3642, by which a homestead deed is effectual so far as the question of time is concerned, if recorded before the property "is subjected by sale or otherwise under judgment, decree, order, execution or other legal process," a claim to a homestead exemption may be allowed to a bankrupt, although not made in the original schedules, and although a homestead deed was made and recorded after the filing of such schedules, but before any action had been taken by the trustee for a sale of the property.

In Bankruptcy. On review of decision of referee.

J. H. Cutchin, for bankrupt.
Hunt & Staples and J. E. Gish, for creditors.

McDOWELL, District Judge. On October 27, 1905, this case was presented on petition for review of the ruling of the referee of July 1, 1905, wherein is denied the bankrupt's claim of homestead exemption to an interest of some $600 in certain real estate. The bankrupt, who is a widow and head of a family of infant children, filed her voluntary petition in bankruptcy December 28, 1904, and was adjudicated on the 30th of that month. In her schedules is a claim of exemptions, more than $600, less than the $2,000, allowed by law; but the interest in real estate here in contention is not mentioned in that schedule. It appears that in 1902 the husband of the bankrupt was killed in a railroad accident, and the damages awarded for his death were adjudged, under the state law, partly to the widow and partly to her infant children. In that year the widow, as guardian of her children, invested their money, and also $600 of her own money, in certain real estate. The deed to the property was taken to the bankrupt as guardian. At the first meeting of the creditors of the bankrupt, held on January 16, 1905, the facts as to this transaction were in part developed, and from what then transpired the counsel for the bankrupt came to believe that the creditors would seek to subject this interest in the real estate as an asset. Whether or not the $600 was intended as a gift to the children does not clearly appear. At any rate, in order to be on the safe side, the bankrupt on the 16th of January

asked, and was granted, leave to file amended schedules. On the 18th of January, 1905, the bankrupt executed and had duly recorded a deed of homestead, in which she claimed as exempt this interest in the real estate. On the same day amended schedules were filed in which the said interest was for the first time scheduled as an asset of the bankrupt, and in which, also, the said interest was claimed as a homestead exemption. No attempt by the trustee to sell the said real estate has yet been made, nor has a sale so far even been advertised.

The sole question raised by the petition for review is as to the propriety of allowing the claim of homestead as to this interest in the real estate mentioned, and the ground of objection to allowing it is delay in perfecting the claim under the state law and in claiming the exemption in the bankruptcy proceeding. The facts in the case do not justify the contention that the bankrupt has been guilty of any fraudulent intent, even if this were of importance in this connection. So far as can be learned from this record, the interest in the real estate mentioned may not be an asset of the bankrupt estate at all, and may in fact be the property of the infant children. However, I shall consider the question on the supposition that the interest in question is a part of the bankrupt's estate. Under the state law the homestead deed, if recorded before the property "is subjected by sale or otherwise under judgment, decree, order, execution, or other legal process," is effectual, so far as the question of time is concerned. Code Va. 1904, § 3642. The argument of counsel for the trustee is based on the language of section 70a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. Rep. 1901, p. 3451]), to the effect that the trustee shall be vested by operation of law with the title of the bankrupt, as of the date of the adjudication, of certain property, except in so far as it is to property which "is exempt." The contention is that this language shows an intent that property subject to claim of exemption passes to the trustee, unless it is exempt at the date of adjudication. The language above quoted does not necessarily show such intent. Section 70 does not deal with the time or manner of claiming exemptions. Had the intent contended for existed, the language would more properly have been, "except as to property which has been duly claimed and is exempt." And in cases of involuntary bankruptcy the first opportunity that the bankrupt regularly has to claim his exemptions in the bankruptcy proceeding is in the schedules, which—section 7, cl. 8 (30 Stat. 548 [U. S .Comp. St. 1901, p. 3425])—need not be filed until 10 days or more after adjudication. It necessarily follows that section 70a, which relates to involuntary as well as to voluntary cases, does not show an intent that the claim of exemption must have been made prior to adjudication.

The most important clause in the bankrupt act touching the allowance of exemptions is section 6, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424] :

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws. * * *"

In Steele v. Buel, 104 Fed. 968, 44 C. C. A. 287, it is said that this section "pervades the whole act, and is to be read into every other sec-

tion and provision of the act." In Smalley v. Langenour, 196 U. S. 93, 97, 25 Sup. Ct. 216, 49 L. Ed. 400, it is said:

"The rights of a bankrupt to property as exempt are those given him by the state statutes, and, if such exempt property is not subject to levy and sale under those statutes, then it can not be made to respond under the act of Congress."

In so far as the strictly regular time and manner of asserting in the bankruptcy court the claim of exemption is concerned, section 7, cl. 8, is the guide. But I regard this as directory, and, taken in connection with the express right of allowing amendments (Act July 1, 1898, c. 541, § 39, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3436] ; Gen. Order xi [89 Fed. vii, 32 C. C. A. xiv ]), there is clearly some discretion in the bankruptcy courts to allow claims of exemption to be made after the original schedules have been filed. The very slight delay in filing the homestead deed and the amended schedules, in the case at bar, is satisfactorily explained, and no good reason occurs to me for denying the claim of homestead in question. The mere qualification of the trustee did not "subject" the property "under legal process." The right to effectually record the homestead deed, so far as the state law is concerned, undoubtedly existed at the time the deed was recorded. The action of the referee in granting the bankrupt leave to file amended schedules was proper, and is affirmed. Nothing in this case brings it within the ruling in Moran v. King, 111 Fed. 730, 49 C. C. A. 578.

In a laudable effort to follow the supposed views of this court the referee has, it appears, been misled by the opinion in Re Garner (D. C.) 115 Fed. 200. By that opinion nothing more was intended than was expressed. The state law makes the execution and filing for record of a homestead deed a condition precedent to the right to such exemption. In that case no such deed had been executed, and the only claim of homestead was that made in the bankruptcy schedules. No subsequent opportunity to comply with the state law was allowed, under the decision of the Circuit Court of Appeals of this circuit in Moran v. King, 111 Fed. 730, 49 C. C. A. 578. The opinion in the Garner Case does not bear on the question raised here. In this opinion, also, I am dealing only with the questions raised by the facts of this case. No opinion is expressed concerning cases such as Re Wunder (D. C.) 133 Fed. 821, where it is said that the claim of exemption must be made long enough before sale by the trustee to prevent a postponement thereof.

The order to be entered will reverse the ruling of July 1, 1905, and remand the case for proceedings consistent with this opinion.