## GOODMAN v. CURTIS.

### In re GOODMAN.

(Circuit Court of Appeals, Fifth Circuit. November 9, 1909.)

No. 1,889.

1. BANKRUPTCY (§ 399*)—RIGHT OF BANKRUPT TO EXEMPTIONS—WAIVER—AMENDMENT OF SCHEDULES.

A bankrupt does not lose his right to claim the exemptions allowed him by the laws of the state by his failure through the mistake of his attorney to specifically claim them in his schedule, and, on application at any seasonable time while the property remains in the hands of the trustee unaffected by adverse rights, should be permitted to amend his schedule in that respect as authorized by general orders No. 11 (89 Fed. vii, 32 C. C. A. xiv).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 669; Dec. Dig. § 399.*]

2. BANKRUPTCY (§ 439*)—REVISION OF PROCEEDINGS—SCOPE OF REMEDY.

The right of a bankrupt to amend his schedule to supply an omission through mistake to claim his exemptions is a valuable legal right, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the action of the district court in refusing the amendment may be reviewed by the Circuit Court of Appeals on petition to revise under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 439.*]

3. BANKRUPTCY (§ 399*)—EXEMPTIONS—WAIVER OF RIGHT.

The fact that a bankrupt has given notes in which he waived his right to exemptions does not give the bankruptcy court jurisdiction to administer his exempt property, nor affect his right to have the same set apart to him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

Petition to Superintend and Revise Proceedings of the District Court of the United States for the Northern District of Alabama, in Bankruptcy.

In the matter of J. Goodman, bankrupt. Petition of bankrupt to revise an order of the District Court refusing him leave to amend his schedules. Reversed.

The referee in bankruptcy in charge of the proceedings certified to the District Judge as follows:

That on May 25, 1908, said bankrupt filed his voluntary petition in bankruptcy containing schedules of assets and liabilities. No reference was made in the petition or schedules to a claim of exemptions by the bankrupt except in the petition, which was a printed one, and was in the approved form and contained the statement that the bankrupt "is willing to surrender all his property for the benefit of his creditors except such as is exempt by law." An adjudication of bankruptcy was regularly made on the date of the filing of the petition, and on June 24, 1909, a trustee was regularly appointed for said bankrupt's estate. On July 7, 1908, bankrupt filed a petition asking for leave to amend his petition and schedules by filing a claim of exemptions claiming as exempt $1,000 worth of his assets, and this petition was duly heard, evidence was taken, and an order made denying the petition and refusing leave to amend.

On the hearing of the petition, bankrupt and J. D. Acuff, Esq., were each examined as witnesses, and testified, in substance, that a few days before the petition in bankruptcy was filed bankrupt employed Acuff, who was an attorney, to file a petition in bankruptcy for him, stating to Acuff at the time that he desired to claim $1,000 worth of his property as exempt, and that Acuff advised bankrupt that it was not necessary that the claim of exemptions should be made or filed at the time the petition was filed, and that the proper practice was that the exemptions should be claimed after the appointment of a trustee; that the advice was given by Acuff in good faith and that bankrupt relied on same; that Acuff then prepared the petition in bankruptcy and schedules accompanying the same, and on his advice bankrupt signed them; that bankrupt had always since the filing of the petition expressed the intention of claiming his exemptions, and had always intended to claim them.

This was all the evidence offered on said hearing, except claims filed and allowed including notes for $1,100, in which bankrupt had waived his exemptions and other nonwaiver claims.

The question presented on this review is whether a voluntary bankrupt by failing to file with his petition and schedules a claim to such exemptions as he may desire, as required by section 7 of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), waived his right to exemptions, notwithstanding he may have intended to claim exemptions and his omission to file the claim was due to a mistake of his attorney.

The District Judge approved and confirmed the ruling of the referee.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George Huddleston, for petitioner.

J. J. Curtis, for respondent.

Before PARDEE, Circuit Judge, and JONES and FOSTER, District Judges.

PARDEE, Circuit Judge (after stating the facts as above). By the second section of the bankruptcy act of 1898, the bankruptcy court is given jurisdiction, among other things, (11) "to determine all claims of bankrupts to their exemptions," and by the sixth section it is provided:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

By the seventh section of the same act it is made the duty of the bankrupt, among other things, (8) to "prepare, make oath to, and file in court within ten days, unless further time is granted, after the adjudication, if an involuntary bankrupt, and with the petition, if a voluntary bankrupt, a schedule of his property, showing * * * and a claim for such exemptions as he may be entitled to, all in triplicate, one copy of each for the clerk, one for the referee, and one for the trustee."

By the forty-seventh section of the act it is made the duty of the trustee, among other things, to (11) "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment."

By the seventieth section of the act the trustee takes title as of date of the adjudication in bankruptcy, "except in so far as it is to property which is exempt."

General order in bankruptcy No. 11 (89 Fed. vii, 32 C. C. A. xiv) is as follows:

"The court may allow amendments to the petition and schedules on application of the petitioner. Amendments shall be printed or written, signed and verified, like original petitions and schedules. If amendments are made to separate schedules, the same must be made separately, with proper references. In the application for leave to amend, the petitioner shall state the cause of the error in the paper originally filed."

Applying these provisions of the law, which so fully and carefully protect the bankrupt's exemptions, to the facts as given by the referee, we think it is clear that the bankrupt did not waive his right by failure to set forth in his schedules a claim for such exemptions as he was entitled to.

This is the plain equity and we think also the clear law of the case. Certainly the bankrupt did not intend to waive his exemptions, nor did he at any time in terms waive them. The mere failure to claim them in the schedules, which are amendable by the equity practice in General Order No. 11, ought not to be treated either as a legal or equitable estoppel. See Burke v. Title & Trust Co., 135 Fed. 562, 67 C. C. A. 486, and Remington on Bankruptcy, §§ 1063–1070, inclusive. In this particular case it seems that the failure to specifically claim the exemptions in the schedules arose from the fact that the attorney who

prepared the schedules for the bankrupt was ill informed as to the textual provisions of section 70 of the bankruptcy law, and advised his client that the claim for exemptions should be made later when the trustee should be appointed. And, on this aspect of the case, see In re Fisher (D. C.) 142 Fed. 205, and In re Kaufmann (D. C.) 142 Fed. 898. In re Carley, 117 Fed. 130, 55 C. C. A. 146, decided by the Circuit Court of Appeals in the Third Circuit, is authority for the proposition that, where the right to amend in bankruptcy proceedings is a valuable legal right, the action of the district judge in refusing the amendment may be revised in the Circuit Court of Appeals under section 24b of the bankruptcy act of 1898. This must be correct, because by said section 24b our jurisdiction to revise is in equity.

In this case the bankrupt did not waive his exemptions, and he had notwithstanding his omission to set forth his claim in the schedules a clear legal right to the exemptions allowed by the laws of the state of Alabama; and we think he had a legal right to prefer his claim in the bankruptcy proceedings at any seasonable time while the property remained in the hands of the trustee unaffected by adverse rights. Having this clear legal right, whether he asserted it by petition or by proposed amendment to defective schedules is immaterial. As appears by the law above quoted, the trustee took no title to the exempt property; and it was his duty to set the same apart as soon as practicable. There is no contention, aside from the omission in the schedules, that the claim was not asserted seasonably; in fact, reservation in the original petition suggested the right. As to the effect the alleged waiver notes may have to defeat or affect the bankrupt's rights, see Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061.

For these reasons, the judgment of the District Court and of the referee denying the bankrupt the right to so amend his schedules as to claim his exemptions under the laws of the state of Alabama are reversed, and the petitioner is allowed to file his amendment to the schedules within a reasonable delay fixed by the court, the proceedings thereon to be according to law and in accordance with the views herein expressed.