In re IRWIN et al.

(Circuit Court of Appeals, Third Circuit. December 6, 1909.)

No. 26.

1. BANKRUPTCY (§ 400*)—EXEMPTIONS—ALLOWANCE.

Under Bankr. Act July 1, 1898, c. 541, § 7, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), requiring bankrupts to file with their petition their respective claims for exemptions, exemptions, having been once allowed, could not be increased after the bankrupts' discharge, within the limit allowed by the laws of the state, out of assets subsequently discovered.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*]

2. BANKRUPTCY (§ 446*)—PETITION TO SUPERINTEND AND REVISE—SCOPE OF REVIEW.

On a petition in bankruptcy to superintend and revise, the appellate court can review only questions of law, and cannot disturb the trial court's findings of fact.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 446.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKRUPTCY (§ 446*)—ATTORNEY'S FEES—ALLOWANCE.

 An order of a bankruptcy court finding that $100 was a reasonable attorney's fee in each of two voluntary cases could not be reviewed on a petition to superintend and revise.

 [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 446.*]

On Petition for Revision of Proceedings of the District Court of the United States for the Western District of Pennsylvania, in Bankruptcy.

In the matter of James S. Irwin and George B. Irwin, bankrupts. On petition to superintend and revise certain orders increasing the bankrupt's exemption after discharge. Reversed.

Charles A. Woods, for petitioners.

Albert York Smith, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. James S. Irwin and George B. Irwin were partners in business. On January 14, 1908, they filed their voluntary petition in bankruptcy as a partnership and as individuals. The schedules showed that, exclusive of wearing apparel, the individual assets of James amounted to $142, and of George to $95, only. They claimed these assets as property exempt from seizure in bankruptcy under the provisions of section 6 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]). That section gives to bankrupts the same exemptions as are allowed by the state law of their domicile. The law of Pennsylvania, the place of the Irwins' domicile, provides that any debtor, of the class to which the Irwins belonged, may have an exemption of "property to the value of three hundred dollars, exclusive of wearing apparel," and also that he may elect to retain his exemption, or any part thereof, "out of any bank notes, money, stocks, judgments or other indebtedness to such person." They received their discharge in bankruptcy on April 23, 1908. In June, 1908, additional assets were discovered, from which the trustee in bankruptcy realized, for the individual estate of James $2,086.74, and for the individual estate of George $2,074.05. On December 8, 1908, James and George each filed with the referee a petition claiming a sufficient sum to make the total exemption to each of them the sum of $300. The referee refused to allow the additional exemptions prayed for. By an order in each case, the District Court reversed the referee, and allowed to James, in addition to his former exemption of $142, the sum of $158, and to George, in addition to his former exemption of $95, the sum of $205. These orders are now before us on petition to revise.

It will be observed that the applications for the additional exemptions were made more than seven months after the applicants had received their discharge in bankruptcy and six months after the discovery of the additional assets. They were required by section 7 of the bankruptcy act to file, with their petition to be adjudged bankrupt, their respective claims for exemptions. They did so. Subsequently, on April 23, 1908, they received their discharges. Each of them then

departed from the jurisdiction of the court, without claim to any part of his assets except the exempted property set forth in his schedules. While the rule allowing claims for exemptions to be amended is a liberal one, we think it ought not to be allowed after discharge in bankruptcy has been granted. In re Kean, 2 Hughes, 322, Fed. Cas. No. 7,630. In any event, an application to amend a claim for exemption should be made within a reasonable time after discovering the facts which will justify the amendment. The record of this case fails to show why the bankrupts, who discovered their additional assets in June, 1908, waited until the following December before applying for leave to amend their schedules. Our opinion is that the orders of the District Court, in so far as they increase the exemptions to the bankrupts, should be reversed.

The same orders also increased the fee allowed to the bankrupts' attorneys from $37.50 in each of the two cases, fixed by the order of the referee, to the sum of $100 in each case. These increases are also before us for review.

Section 64b provides that amongst the costs that may be paid out of a bankrupt's estate is one reasonable attorney's fee for the professional services actually rendered to the bankrupt in voluntary cases. In this case no other fee had been allowed to any attorney for either of the bankrupts. In considering the services performed, the District Court had power to review the facts on which the referee had fixed the fee in each case at $37.50. It concluded that a reasonable fee in each case was $100. On the petition to this court to revise, we can consider only questions of law. We are not at liberty to disturb the District Court's findings on the facts. The orders of the District Court, so far as they relate to attorney's fees, will therefore be affirmed.

Orders reversed as to bankrupts' exemptions, and affirmed as to attorney's fees.