## In re BURNHAM.

(District Court, W. D. Washington, S. D.   February 4, 1913.)

No. 725.

1. BANKRUPTCY (§ 399*)—HOMESTEAD—DILIGENCE.

Where a bankrupt's wife was a party to the bankruptcy proceedings and appeared therein, and it was held that the community property of the bankrupt and his wife, as well as the bankrupt's separate property, was a part of the estate in bankruptcy, the wife was bound to exercise as great diligence as the bankrupt himself in making any claims to homestead or other exemptions under the state law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

2. BANKRUPTCY (§ 395*)—EXEMPTIONS—HOMESTEAD—TIME OF CLAIM.

The extent and requisites of a homestead exemption to which a bankrupt may be entitled are governed by the state law; but the time within which such exemptions must be claimed and the manner of claiming the same are controlled by the bankruptcy act, and this, though the claim is made by the bankrupt's wife, and not by him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. § 395.*]

3. BANKRUPTCY (§ 400*)—HOMESTEAD EXEMPTION—CLAIM—PERFECTION.

Where a homestead exemption is seasonably claimed in a bankruptcy proceeding, it may thereafter be perfected under the state law, if the claimant proceeds expeditiously.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670, 671–675; Dec. Dig. § 400.*]

4. BANKRUPTCY (§ 399*)—HOMESTEAD—PERFECTION—TIME.

Where a homestead claim has been perfected and identified under the state law, bankruptcy courts will not be strict in determining what constitutes due diligence in claiming the homestead in the bankruptcy court after adjudication, if through inadvertence it has not been claimed in the schedules.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

5. BANKRUPTCY (§ 399*)—HOMESTEAD—EXEMPTIONS—TIME OF CLAIM.

Where community property and the separate property of the bankrupt were scheduled as his estate in bankruptcy, without claiming a homestead exemption in the schedules, and the land constituting community property had been converted into money before any homestead claim by the bankrupt's wife was made, a homestead claim, then made, could not be allowed out of the fund so derived.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. In the matter of bankruptcy proceedings of H. A. Burnham. Cross-demurrers by the trustee to the petition of Udella B. Burnham, and by Mrs. Burnham to the petition of the trustee. Demurrer to the petition of the trustee overruled, and sustained as to the petition of Mrs. Burnham.

Dix H. Rowland and Raymond J. McMillan, both of Tacoma, Wash., for trustee.

Troy & Sturdevant, of Olympia, Wash., for Udella B. Burnham.

CUSHMAN, District Judge. This matter is now before the court upon two demurrers, one of which is the demurrer of the trustee of the bankrupt estate to the petition of Udella B. Burnham, the wife of H. A. Burnham, bankrupt, alleging the bankrupt's failure to make and file a declaration of homestead on certain real estate, upon which it is alleged they reside, that petitioner has made and filed a declaration of homestead thereon, and that there is $675 in the registry of the court, proceeds from the sale of a portion of said homestead. The prayer of the petition is that this money be paid to the petitioner.

The other demurrer is that of Udella B. Burnham to the petition of the trustee of the bankrupt estate. The prayer of this petition is that Udella Burnham be decreed to have no interest in one portion, and in an undivided half interest of another portion of the land covered by her petition, or declaration of homestead, for the reason that the same is a portion of the bankrupt estate, which the trustee had advertised and was about to sell when the said Udella Burnham claimed it as a homestead, thereby clouding the title; that the claim of a homestead exemption was made subsequent to the adjudication in bankruptcy; that she and her family did not reside upon the premises claimed at the time of filing said declaration; and that a portion of said premises is owned by other parties, tenants in common with H. A. Burnham, bankrupt.

It is further alleged that she was made a party to the bankruptcy proceedings, in order that her interest in the community real estate of H. A. Burnham and herself might be determined; that she answered in this proceeding, claiming all of said real estate in her separate right, and, on an order to show cause why the trustee should not sell the same, a trial was had, and it was determined that she had no separate right or interest in the same, that it was community property of herself and said H. A. Burnham, and was subject to the claims of creditors herein, and that, by such proceeding, she is now estopped from setting up any claim by reason of homestead rights, or otherwise.

The trustee relies on the following authorities: Harrison Goodwin et al. v. Colorado Mortgage & Inv. Co. of London, 110 U. S. 4, 3 Sup. Ct. 473, 28 L. Ed. 47; In re Youngstrom, 153 Fed. 58, 82 C. C. A. 232; In re Gerber, 186 Fed. 693, 108 C. C. A. 511; Hookway v. Thompson, 56 Wash. 57, 105 Pac. 153.

Udella B. Burnham relies upon the following authorities: In re Maxson (D. C.) 170 Fed. 356; In re Fisher (D. C.) 142 Fed. 205;

York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Hewit v. Berlin Mach. Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Snelling et al. v. Butler, 66 Wash. 165, 119 Pac. 3; sections 529, 533, 534, and 559, Rem. & Bal. Code; sections 1040, 1041, and 1042, Remington on Bankruptcy; section 419, Loveland on Bankruptcy; page 153 et seq., Collier on Bankruptcy, 8th Ed.; page 207 et seq., 9th Ed.

On July 28, 1909, a petition was filed to have H. A. Burnham adjudged an involuntary bankrupt. On August 24, 1909, Udella B. Burnham, the petitioner herein, was made a party to such proceeding. On January 5, 1910, H. A. Burnham was adjudged a bankrupt. On January 14, 1910, H. A. Burnham filed his schedules, which contained no claim to exemptions. On March 4, 1910, the trustee's bond was filed and approved. On April 12, 1910, the trustee reported no claim of exemptions had been made. On August 17, 1910, a claim to exemptions was filed by the bankrupt. On September 6, 1911, this claim to exemptions was disallowed by the referee. On March 16, 1912, H. A. Burnham and Udella B. Burnham petitioned the court for further time in which to present exceptions to this disallowance of exemptions. On August 28, 1912, after a hearing upon the disallowance of the exemptions by the referee, the exceptions were by this court overruled.

The exact time of the making by Udella B. Burnham, the petitioner herein, of the present claim of a homestead exemption is not shown (her present petition for homestead exemption having been filed herein November 18, 1912), but it must have been between October 7, 1912—when the declaration, which she claims was filed with the county auditor, was acknowledged—and November 18, 1912, the date the trustee had advertised the real property, a portion of which she now claims, for sale.

The statutes of the state of Washington contain the following provisions in regard to homesteads:

"The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is situated, selected as in this act provided." Section 5456, Pierce's Code; I Rem. & Bal. § 528.

"If the claimant be married the homestead may be selected from the community property, or the separate property of the husband, or, with the consent of the wife, from her separate property. When the claimant is not married, but is the head of a family within the meaning of section 25 of this act, the homestead may be selected from any of his or her property." Section 5457, Pierce's Code; 1 Rem. & Bal. § 530.

"The homestead is exempt from execution or forced sale. except as in this act provided." Section 5459, Pierce's, Code; 1 Rem. & Bal. § 532.

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained: 1. On debts secured by mechanics', laborers' or vendors* liens upon the premises. 2. On debts secured by mortgages on the premises executed and acknowledged by the husband and wife or by an unmarried claimant." Section 5460, Pierce's Code; 1 Rem. & Bal. § 533.

"The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." Section 5461, Pierce's Code; 1 Rem. & Bal. § 534.

"There shall be also exempt from execution and attachment to every householder, being the head of a family, a homestead not exceeding in value the sum of *one thousand dollars*, while occupied as such by the owner thereof, or his or her family. Said homestead may consist of a house and lot or lots in any city, or a farm, consisting of a number of acres, so that the value of the same shall not exceed the aforesaid sum of one thousand dollars. Such homesteads may be selected at any time before sale." Section 836, Pierce's Code; 1 Rem. & Bal. § 529.

"Homesteads may be selected and claimed in lands and tenements with the improvements thereon, not exceeding the sum of two thousand dollars. The premises thus included in the homestead must be actually intended and used for a home for the claimants and shall not be devoted exclusively to any other purposes." Section 5479, Pierce's Code; 1 Rem. & Bal. § 552.

"The husband cannot select a homestead from the separate property of the wife, nor the wife from the separate property of the husband, but either may select and hold a homestead from his or her separate property, and the husband may select a homestead from the community property. But if the husband neglect or refuse to select such homestead then the wife may select the same: Provided, That but one homestead shall be selected or held by husband or wife, and it must embrace the dwelling house in which one or both of them reside." Section 3882, Pierce's Code.

"In order to select a homestead the husband or other head of a family, or in case the husband has not made such selection, the wife must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead and file the same for record." Section 5485, Pierce's Code; 1 Rem. & Bal. § 558.

[1] Udella B. Burnham having been made a party to the bankruptcy proceedings and appearing herein, and after the determination by the referee and by this court that the community property of H. A. Burnham and Udella B. Burnham, as well as the separate property of H. A. Burnham, was a part of the bankrupt estate, whatever her rights under the state law may be, she would, under the bankruptcy statute, be bound to as great diligence as the bankrupt himself in making any claims to homestead or other exemptions.

[2] The Bankruptcy Act making no provision, there is no question but that the state law will control, as to the extent of, and requisites of, a homestead exemption; but the time within which exemptions are to be claimed and the manner of claiming the same are fixed by the Bankruptcy Act itself, and its provisions in that respect are controlling. In re Gerber, 186 Fed. 693, 108 C. C. A. 511. And this applies where the claim to exemptions is made by the wife of the bankrupt. In re Youngstrom, 153 Fed. 58, at 101.

[3] If the homestead exemption is claimed seasonably in the bankruptcy proceeding, it has been held, it may thereafter be perfected under the state law, if the claimant proceeds expeditiously. In re Culwell (D. C.) 165 Fed. 828; Goodman v. Curtis, 174 Fed. 644, 98 C. C. A. 398; In re Fisher (D. C.) 142 Fed. 205.

[4] Where a homestead claim has been perfected and identified under the state law, courts have not been too strict in determining what would constitute due diligence in claiming the homestead in bankruptcy courts after the adjudication, if, through inadvertence, it had not been claimed in the schedules. Under such facts, in the Maxson Case, supra, this right was accorded the intervening spouse of the bankrupt; but no case has been called to the court's attention, where the homestead exemption had not been perfected under the state law and had

not been seasonably claimed under the bankruptcy law, that either upon the petition of the bankrupt or his spouse either has been allowed to recover from the trustee, as a homestead, any part of the estate, title to which had vested in him. Nor have any persuasive reasons been advanced to depart from the rule, especially so in a case where, as here, the wife had sought to hold the community estate as her separate property, and made no claim to any part of it as a homestead, until after it had been advertised for sale by the trustee. Bankruptcy Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451).

Under the authority given in the Bankruptcy Act to amend the schedules, in which schedules, under the bankruptcy rules adopted, the claim to exemptions should be made, the courts have been liberal in the matter of allowing amendments, where the original schedules had not made exemption claims; but they have uniformly required, before doing so, that the omission to make the claim to exemption had occurred through inadvertence, and that there had been diligence in seeking to cure the defect. Collier on Bankruptcy (9th Ed.) p. 213. These essentials are recognized by the principal authority relied upon by the petitioner, Udella B. Burnham (In re Maxson [D. C.] 170 Fed. 356, at 359):

"But it cannot be that a failure, through oversight in preparing the schedules, to therein make such claim will deprive the bankrupt of the exemption allowed by the state, when timely application is made to the court of bankruptcy therefor."

In the case now at the bar neither inadvertence nor diligence is shown. The Maxson Case is distinguished from the case now before the court; for, under the Iowa law, occupancy by the bankrupt was all that was required to exempt the homestead. It is further distinguished because the interest of the husband of the bankrupt in the homestead, in that case, was fixed and attached prior to the institution of the bankruptcy proceedings.

[5] Real estate of the community property having been converted into money before the claim of homestead was made, such money would be as any other personal estate. It can in no sense be considered the "proceeds of the homestead."

Demurrer to petition of Udella B. Burnham sustained. Demurrer to the petition of the trustee overruled.