---

## In re WEBB.

### (District Court, N. D. Georgia. January 12, 1915.)

### No. 3462.

1. BANKRUPTCY ☞399—EXEMPTIONS—CLAIM—TIME—EFFECT OF DISCHARGE.

A bankrupt's claim to an exemption should be made when he files his schedules, and in a voluntary case should accompany the same, and cannot be allowed where it was not made until after the bankrupt had obtained his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ☞399.]

2. BANKRUPTCY ☞399—HOMESTEAD EXEMPTION—ALLOWANCE.

Where a bankrupt permitted his property to be sold without specifying any portion which he claimed as a homestead exemption, and purchased some of the property himself, he could not have an allowance of $1,600 in cash for a homestead exemption, charging against it the purchase price of the property bought, and receiving the difference from the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ☞399.]

3. BANKRUPTCY ☞399—HOMESTEAD EXEMPTION—WAIVER—CREDITORS.

Creditors of a bankrupt, in whose favor he has waived his homestead exemption, may not have the value thereof turned over to them and distributed after the bankrupt has been discharged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ☞399.]

In Bankruptcy. In the matter of bankruptcy proceedings of J. J. Webb. On claim for homestead exemption. Overruled.

Owens Johnson, of Atlanta, Ga., for bankrupt.

J. P. Brooke, of Alpharetta, Ga., N. A. Morris, of Marietta, Ga., and J. G. Roberts, of Atlanta, Ga., for trustee.

NEWMAN, District Judge. The bankrupt's original claim of homestead exemption, accompanying his schedules in this case, was clearly insufficient, and amounted to no claim of exemption at all. An amendment was offered, attempting to cure this lack of sufficiency in the original claim, and that is objected to as insufficient also.

[1] It is unnecessary to determine the sufficiency or insufficiency of this amendment, because it was made after the bankrupt had obtained his discharge in bankruptcy, and, in my opinion, it was too late then to claim an exemption. The proper time to claim an exemption is at the time the bankrupt's schedules are filed. In a volun-

tary case it should be a part of the schedules accompanying the application, and in an involuntary case it should be made at the time he files his schedules. Of course, these claims may be amended, if this is seasonably done; but in my opinion it is too late to wait until after he has obtained his discharge.

[2] The bankrupt in this case allowed his property to be sold, expecting, it appears, to get an exemption in cash. He should have specified some portion of his property, realty or personalty, and had the same set apart to him as a homestead exemption early in the bankruptcy proceedings. He not only failed to do this, but allowed the property to be sold, purchased some of it himself, and wished to set up what he owed as the purchase money as part of his homestead, and then wished the trustee to pay him in cash the difference between the purchase price of the property he bought and the $1,600. I do not think such a proceeding as this can be recognized at all.

[3] Another reason would prevent a man from claiming a homestead exemption after he has been discharged in bankruptcy. Under the laws of this state a person may waive his right to homestead exemption, and to allow him to obtain a discharge, and then claim an exemption after his discharge, would defeat the rights of creditors holding these waiver notes. Since the decision of the Supreme Court of Georgia in Bell v. Dawson Grocery Co., 120 Ga. 628, 48 S. E. 150, there has been a well-recognized and much-used method of enforcing the rights of these waiver note creditors. That is for the appointment of a receiver in the state court, who applies to this court for the exemption to be turned over to him, and then the state court divides this exemption among these waiver note creditors. Of course, if he had been discharged, the debts would be extinguished, and no such right would exist for these waiver note creditors at all.

In my opinion, the application for an exemption on the part of this bankrupt must be denied.