In re ZIFF.

(District Court, M. D. Alabama, E. D.   August 19, 1915.)

1. BANKRUPTCY ⊚⇒399—RIGHTS OF BANKRUPT—EXEMPTIONS.

Where, under the law of the bankrupt's domicile, fraud does not deprive a debtor of his exemptions, the making of a false financial statement to mercantile agencies by the bankrupt does not prevent him from claiming and holding his exemptions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ⊚⇒399.]

2. BANKRUPTCY ⊚⇒399—RIGHTS OF BANKRUPT—EXEMPTIONS.

Creditors having no interest in exempt property, the fact that the bankrupt has given waiver notes in excess of the value of his exempt property does not disentitle him to exemptions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ⊚⇒399.]

3. BANKRUPTCY ⊚⇒399—RIGHTS OF BANKRUPT—EXEMPTIONS.

A bankrupt is not disentitled to his exemptions by failure to claim them in the probate court as required by Code Ala. 1907, § 4168, where such exemptions are of less value than the amount allowed by statute; the statute only applying where selection by the exemptioner is made essential by his ownership of property in excess of the amount allowed him as exempt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ⊚⇒399.]

4. BANKRUPTCY ⊚⇒399—RIGHTS OF BANKRUPT—EXEMPTIONS.

That a bankrupt has failed to itemize the articles claimed by him as exempt in his claim filed in the bankrupt court does not disentitle him to such exemptions, where his total personal property is less in value than the amount of his exemption; such itemized statement not being required by Code Ala. 1907, § 4164, exempting personal property to the amount of $1,000 to be selected by the debtor where the property does not exceed that amount.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ⊚⇒399.]

In Bankruptcy.   In the matter of M. Ziff, bankrupt.   Petition to review an order of the referee, overruling exceptions to the trustee's report and allowing exemptions to the bankrupt.   Petition denied.

Mabry & Jones, of Montgomery, Ala., for petitioner.

Hines & Fuller, of Lafayette, Ala., for bankrupt.

GRUBB, District Judge.   This is a petition to review the order of the referee, overruling exceptions to the report of the trustee setting aside to the bankrupt his exemptions, and allowing to the bankrupt his exemptions as claimed by and set aside to him.

The objecting creditors contend that the bankrupt disentitled himself to his exemptions (1) by making a false financial statement to the mercantile agencies, (2) by giving waive notes in excess of the value of his exempt property and so preferring the note holders, (3) by failing to claim his exemptions in the probate court, as provided by section 4168 of the Alabama Civil Code, and (4) by failing to itemize the articles claimed as exempt in his claim filed in the bankrupt court.

[1] First. Whether the fraud of the bankrupt is a sufficient reason for denying him his exemptions, when claimed in the bankrupt court, depends upon the rule under the statutes and decisions in the state courts of the bankrupt's domicile. The fraud of the bankrupt has been held in Alabama not to disentitle him to his exemptions, even in property fraudulently transferred, when recovered by the creditors. Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308. In the case of In re Cotton & Preston, 183 Fed. 190, the District Court for the Southern District of Georgia said:

"A bankrupt is not deprived of his right to exemptions under the exemption statute of Georgia because of a fraudulent transfer of real estate made more than four months prior to his bankruptcy, nor because of false statements in writing made to obtain credit; and fraudulent concealment of assets, if relied on to defeat such right, must be proved with reasonable certainty."

In the case of In re Denson, 195 Fed. 857, 858, the District Court for the Northern District of Alabama said:

"No property theretofore fraudulently transferred or parted with by the bankrupt in any way to prevent its application to the payment of his debts could be treated as part of his exempt property. Nor could his exemption be denied as a punishment for any conduct on the bankrupt's part, however reprehensible it might be as to his creditors. This is the effect of the Alabama decisions."

For these reasons the first ground of objection is untenable.

[2] Second. Ordinary creditors have no interest in exempt property. Its transfer, even with a purpose to hinder, delay, or defraud them, is not therefore an act of which they can justly complain. Cowan v. Burchfield (D. C.) 180 Fed. 614; Pollak v. McNeil, 100 Ala. 203, 13 South. 937; Kennedy v. Bank, 107 Ala. 170, 18 South. 396, 36 L. R. A. 308; Bank of Talladega v. Browne, 128 Ala. 560, 29 South. 552. It is also settled in this circuit that a bankrupt may claim an exemption in property, which he has made the subject of a preferential transfer. In the case of Bashinski v. Talbott, 119 Fed. 337, 56 C. C. A. 241, it was held by the Court of Appeals for the Fifth Circuit that:

"A bankrupt may claim his exemptions allowed by the laws of Georgia from the proceeds of a judgment which he assigned to a trustee for the benefit of creditors, although such assignment constituted a preference under the bankruptcy act, where the assignee never made any attempt to obtain the money or any claim thereto, but after the adjudication in bankruptcy it was paid over to the trustee, by direction of the court, by the bankrupt's attorney who had collected the same."

In the case of Goodman v. Curtis, 174 Fed. 644, 98 C. C. A. 398, the Circuit Court of Appeals for the Fifth Circuit held that:

"The fact that a bankrupt has given notes in which he waived his right to exemptions does not give the bankruptcy court jurisdiction to administer his exempt property, nor affect his right to have the same set apart to him."

The nonwaiver creditors having no interest in exempt property of the bankrupt are not injured by any disposition he may see fit to make of it, even though such disposition work a preference or be made with intent to hide it from creditors. If this be true, it must

be the more true that the giving of waive notes cannot defeat the bankrupt's right of exemption.

[3] Third. Section 4168, requiring a claim of exemption to be filed in the probate court of the proper county, only applies where selection of the exemptioner is made essential by his ownership of property in excess of the amount allowed him as exempt. This has been the holding of the Supreme Court of Alabama in regard to both real and personal property. Alley v. Daniel, 75 Ala. 406; Stephen-Putney Shoe Co. v. White, 172 Ala. 89, 55 South. 503, Ann. Cas. 1913C, 1278. It is conceded in this case that the entire personal property of the bankrupt is claimed by him as exempt and to be of a value less than $1,000. Only when shown to be in excess of that sum would the claim be invalid.

[4] Fourth. It is true that section 4164 exempts "the personal property of such resident to the amount of one thousand dollars, to be selected by him." In the bankruptcy court, as in the state court, where the personal property of the bankrupt exceeds in value $1,000, selection would be necessary, and a failure to exercise selection by filing an itemized claim would be fatal. However, where the debtor owns personal property of a less value than $1,000, being entitled to it all, no duty of selection rests upon him, and the exemption attaches to the property without selection and absolutely. Alley v. Daniel, 75 Ala. 405, 406. The same reason excuses the bankrupt from filing with his schedules an itemized list of the stock of goods claimed by him as exempt, in cases where his total personal property is less in value than the amount of his exemption. The requirement of a selection where the bankrupt is entitled to all would be a futile one, and this excuses him in the bankrupt court, as under the state rule, from filing with his schedule an itemized list of personal property claimed by him as exempt in such cases. It is sufficient for the bankrupt to file with his schedules a general claim to the exempt property, without specifically describing it by items.

The petition for review is denied, the order of the referee allowing the bankrupt's exemptions is confirmed, and the petitioner is taxed with the costs of the review.