## In re PATE.

(District Court, N. D. Georgia. October 30, 1923.)

No. 7259.

Bankruptcy ⬥⟶32, 399(1)—Renunciation of claim to exemptions in schedule becomes final on discharge; schedules held not amendable.

Formal renunciation by a bankrupt in his schedules of any claim to exemptions, without mistake, becomes final on his discharge, and he cannot be permitted to thereafter amend his schedules to claim a homestead exemption in property scheduled.

In Bankruptcy. In the matter of Dan C. Pate, bankrupt. On review of order of referee permitting bankrupt to amend his schedules to claim homestead exemption. Reversed.

Etheridge, Sams & Etheridge, of Atlanta, Ga., for bankrupt.
Douglas & Douglas and Wm. C. Henson, of Atlanta, Ga., for objectors.

SIBLEY, District Judge. An involuntary petition in bankruptcy was filed against Dan C. Pate. On July 12, 1921 he filed his schedules; Schedule B (5), signed by him reading as follows:

"A particular statement of the property claimed as exempted from the operation of the act of Congress relating to bankruptcy: None."

On August 11, 1921, he was permitted to amend his schedules by listing other creditors. On October 28, 1922, he was duly discharged. On August 29, 1923, he was allowed to amend his schedules by setting up that he was the head of a family and entitled to a homestead, and praying that the assets listed in his original schedules be set apart to him as exempt, or the proceeds thereof in case of sale. The referee, after hearing, permitted this to be done, and his order is under review.

Section 6 of the Bankruptcy Act (Comp. St. § 9590) provides that the act shall not affect the allowance to bankrupts of the exemptions prescribed by the state laws. Section 7 (8), being Comp. St. § 9591, directs that the bankrupt, in a limited time, file his schedules, in which shall be included a claim for such exemption as he may be entitled to. The duty of the trustee under section 47 (Comp. St. § 9631) to set apart the bankrupt's exemption depends upon such an application being made; otherwise, the trustee could not know that the bankrupt was entitled to an exemption or the property in which it was claimed. A failure by mere omission to claim the exemption will not defeat it, certainly not where the omission was the result of some mistake. In re Goodman, 174 Fed. 644, 98 C. C. A. 398. In that case the omission to claim was through mistake, and is stated not to have amounted to a waiver of the exemption, either in intention or in express terms, and the mistake was said to be relievable by amendment at any seasonable time, while the property remained in the hands of the trustee, unaffected by adverse rights. Under this ruling, if assets were discovered

⬥⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

after the filing of the schedules, of which the bankrupt had no previous knowledge, perhaps such an amendment might be entertained. But here no mistake of any kind is claimed, and the assets now sought to be exempted were included in the original schedules, and these schedules, as we have seen, contained language, over the bankrupt's signature, the effect of which was to state that no property was claimed by him as exempt.

Under the Georgia homestead laws (Civ. Code Ga. 1910, § 3377 et seq.) a debtor may in writing waive his right to homestead pending a bankruptcy proceeding. In re Bowers (D. C.) 278 Fed. 681, affirmed (C. C. A.) 283 Fed. 1022. The language of these schedules amounts to a renunciation of the homestead right. Perhaps this would be revocable, if done by mistake, or without mistake, if corrected seasonably; but here the bankrupt has asked regularly for his discharge, and has obtained it, thereby terminating his formal connection with the case. It might easily be that the conduct of the bankrupt in reference to claiming his property as exempt had influence upon the court and creditors in dealing with his discharge. I cannot feel that an amendment unjustified by mistake of any kind ought to be allowed under the circumstances disclosed by this case. The discharge ought to be regarded as making the previous renunciation of the homestead final. In the case of In re Irwin, 174 Fed. 642, 98 C. C. A. 396, the lower court granted a supplemental claim of homestead, made after the discharge of the bankrupt, because of appealing circumstances there appearing. The Circuit Court of Appeals reversed this ruling, holding that the homestead could not be supplemented after the bankrupt's discharge. This court, in the case of In re Webb, 219 Fed. 349, has likewise held that the seeking and obtaining of his discharge by the bankrupt cuts off the right of amendment to claim an exemption.

The judgment of the referee is reversed, and the claim of homestead disallowed.