## POTTS *v.* OWENS HARDWARE COMPANY.

No. 9617. MARCH 3, 1934.

*Porter & Mebane, Wright & Covington,* for plaintiff in error.
*Maddox, Matthews & Owens,* contra.

ATKINSON, J. On October 23, 1931, Theodore B. Potts on his voluntary petition was adjudicated a bankrupt. The Owens Hardware Company was duly scheduled as an unsecured creditor in the sum of $153.95. In his petition Potts claimed as exemption of homestead "household goods, wearing apparel, kitchen furniture, and provisions, $100." A trustee in bankruptcy was duly appointed and qualified. On February 16, 1932, the bankrupt filed his application for discharge, which was duly granted on May 17, 1932. Afterward the Owens Hardware Company recovered a special judgment, July 15, 1932, against Potts and described realty, on which execution was duly issued for $76.70, including principal, interest, and costs. On July 23, 1932, the land was levied on as the property of the defendant. Subsequently, and notwithstanding his prior discharge in bankruptcy, Potts on the day of the levy filed an amendment to his former claim of property as homestead exemption, so as to include the land described in the levy. On July 25 the

trustee in bankruptcy designated and set apart, to be retained by the bankrupt as his own property under the acts of Congress relating to bankruptcy, the personalty and also the realty, aggregating in value $1100, and on the same day made report thereof, which was approved by the referee in bankruptcy. On August 27, 1932, Potts as head of his family resisted sale of the realty under the Owens Hardware Company execution, by interposing a statutory claim. At the conclusion of the evidence substantially as indicated above, the judge directed a verdict finding the property subject, and the claimant excepted.

In re Paine, 127 Fed. 246, it was said by Judge Evans: "Where a bankrupt's estate has been closed and the bankrupt discharged, the former trustee's office is thereby terminated, and he has no standing to apply to have the estate reopened as not fully administered." In re Irwin, 174 Fed. 642, it was said by Judge Lanning: "Under Bankr. Act July 1, 1898, c. 541, § 7, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), requiring bankrupts to file with their petition their respective claims for exemptions, exemptions, having been once allowed, could not be increased after the bankrupts' discharge, within the limit allowed by the laws of the State, out of assets subsequently discovered." In re Webb, 219 Fed. 349, it was said by Judge Newman: "A bankrupt's claim to an exemption should be made when he files his schedules, and in a voluntary case should accompany the same, and can not be allowed where it was not made until after the bankrupt had obtained his discharge." In re Pate, 293 Fed. 648, it was said by Judge Sibley: "Formal renunciation by a bankrupt in his schedules of any claim to exemptions, without mistake, becomes final on his discharge, and he can not be permitted to thereafter amend his schedules to claim a homestead exemption in property scheduled." In the instant case, if the bankrupt had desired to prosecute his claim for a homestead exemption, he should have done so and obtained the order setting it apart prior to a final discharge. When the court of bankruptcy granted the discharge, that judgment was final until reversed or set aside, and ended the authority of the trustee and referee to set apart property for homestead exemption. The subsequent attempt to amend the schedule claiming homestead exemption and set apart property to the bankrupt as exempt was without legal effect. The judge did not err in directing the verdict.

*Judgment affirmed. All the Justices concur.*