## SAULSBURY CARROLL *vs*. THOMAS C. ELSE & Co.

*Assignment for Benefit of Creditors—Right to Exemption.*

Where a debtor executes an absolute deed of trust of all his property for the benefit of his creditors, without reservation of his right to exemption, he is entitled to no allowance on that account out of the proceeds of sale of the property.

Carroll *vs.* Else & Co.

APPEAL from the Circuit Court for Talbot County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted on briefs to ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Charles W. Baker*, for the appellant.

*Alfred L. Tharp*, for the appellees.

IRVING, J., delivered the opinion of the Court.

On the third day of February, 1890, the appellant executed a deed of trust of all his property for the benefit of his creditors. The trustee sold the property and reported his sale to the Court as amounting, in the aggregate, to five hundred and ninety-five dollars and seventy-one cents. The auditor, after allowing costs and expenses, awarded one hundred dollars to the grantor, Saulsbury Carroll, as exemption money, and distributed the residue among his creditors *pro rata*, which only paid the creditors 27.56 per cent. on the dollar of their claims. The appellees, being creditors, excepted to the audit, because of the allowance of the one hundred dollars to Carroll for exemption. Upon that exception the Court passed the following final order, viz., "Ordered, this twenty-eighth day of July, A. D. 1891, that audit No. 1 filed in this cause be and the same is hereby rejected, and that this audit be ratified, and the trustee be, and he is hereby, directed to pay accordingly, except the sum of one hundred dollars, distributed to the grantor as exemption, which sum of one hundred dollars the trustee is hereby directed to distribute amongst the creditors whose claims are herein allowed, *pro rata*."

This order is on the second audit; the rejected audit, No. 1, is not in this record. The only question raised by this appeal is whether Carroll was entitled to any allowance for exemption. The appellee contends that, having assigned all his property without reservation of his right to exemption, he was entitled to no allowance on that account. This was the view of the learned Judge of the Circuit Court, and we think that view right. In the case of *Muhr's Sons vs. Pinover, Garn.*, 67 *Md.*, 480, express reservation was made in the deed of the right to exemption, and this Court sustained the allowance made by the auditor in accordance with the provision of the deed; and in *Darby vs. Rouse, ante, page* 26, this Court allowed exemption from the surplus proceeds of sale under a mortgage, which the creditors claimed on the ground that it was taking the debtor's property in such case for creditors, which, if sold under execution, at creditors' instance, would be subject to the right of exemption; and that, therefore, it should be treated in equity as if so sold ; for it was being awarded to pay judgments not executed, and which could not be so executed as to *seize* this fund, which could only be reached through the Court. It was not equitable to give their judgments greater effect than could have been secured by legal enforcement had the property remained seizable.

But this case does not fall within the meaning of the statute, nor the reasons for the ruling in *Pinover's Case* and in *Darby's Case*, to which we have referred. The deed is absolute, and makes no reservation of exemption rights. It provides for a sale of the property by the trustee, and the application of the proceeds,—first, to the payment of costs, including trustee's commissions; secondly, to the payment of all the creditors, without preference or priority; and thirdly, "to pay the balance, if any there be, to the grantor, his heirs, executors, administrators and assigns." All was to be applied to

creditors, and only in the event of surplus was anything reserved for the grantor. Argument can not make the thing plainer. The order appealed from will be affirmed.

*Order affirmed, with costs.*

(Decided 4th February, 1892.)