In re IRWIN et al.

(District Court, W. D. Pennsylvania. May, 1909.)

**1. BANKRUPTCY (§ 32*)—SCHEDULES—AMENDMENT.**
   Where, after the bankrupts and their trustees were discharged, the
bankrupts, acting in good faith, assisted by their counsel, found addi-
tional assets of which they had hitherto been ignorant, resulting in a
credit to the estate of each of about $2,000, the bankrupts, not having
received the full amount of their exemptions under the state statute,
were each entitled within a reasonable time to leave to amend his sched-
ule of exempt property, and to an allowance out of the fund so obtained
of an amount necessary to complete the exemption.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 31–33; Dec.
Dig. § 32.*]

**2. BANKRUPTCY (§ 22*)—PROCEEDINGS—EQUITY PRACTICE.**
   Proceedings in bankruptcy are governed by the rules of practice in eq-
uity, where the acts of Congress and the general orders are silent.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig.
§ 22.*]

**3. BANKRUPTCY (§ 399*)—EXEMPTIONS—DENIAL.**
   It is only for gross fault on the part of a bankrupt that a claim to ex-
emptions should be disallowed.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 669; Dec.
Dig. § 399.*]

**4. BANKRUPTCY (§ 482*)—ATTORNEY FOR BANKRUPT—FEES.**
   Where, after the discharge of certain bankrupts and their trustee, their
attorney, as the result of considerable effort in examining records, etc.,
and the accounts relating to the estate of the bankrupts' father, and cer-
tain titles to mortgaged property, discovered additional assets amounting
to $2,000 to the credit of the estate of each of the bankrupts, an allow-
ance to the attorney of $37.50 for fees was inadequate, and should be in-
creased to $100 in each estate.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876,
897; Dec. Dig. § 482.*]

In the matter of the bankruptcy of George B. and James Stuart
Irwin. On certified questions by the referee on petitions of the bank-
rupts for leave to amend schedules of exempt property and for a bal-
ance of exemption, and on petition of the bankrupts' attorneys for at-
torney's fees. Granted.

For opinion in Circuit Court of Appeals, modifying the order in
this case, see 174 Fed. 642.

Albert York Smith, for A. H. Rowand.

Charles A. Wood, for trustee.

ORR, District Judge. Upon the argument of these questions it was
admitted by all the counsel that each of said bankrupts was acting in
entire good faith. This is an important fact to be borne in mind. On
January 14, 1908, the bankrupts filed a voluntary petition, and each
claimed certain exemptions out of his individual assets. The assets,
exclusive of wearing apparel, claimed by James Stuart Irwin, fell
short of the exemption allowed by the statute of Pennsylvania by $158.
Those claimed by George Bruce Irwin fell short by $205. Matters
were so proceeded with that the bankrupts were discharged on April
23, 1908, and their trustee was discharged on October 2, 1908.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Subsequently, about November 7, 1908, through the instrumentality of the bankrupts, by the assistance of their counsel, A. H. Rowand, Esq., it was found that there were additional assets of which the bankrupts had hitherto been ignorant. These consisted of two mortgages, made years before to secure dower of their stepmother, and lately payable to the bankrupts by reason of her recent death. Thereupon the trustee was reinstated. By the collection of the mortgage debts there is to the credit of the estate of each bankrupt in the hands of the trustee about $2,000. Each of the bankrupts within a reasonable time thereafter presented his application to the referee for an allowance out of said fund to an amount necessary to make up the full amount of the exemption as allowed by the statute of Pennsylvania, and for leave to amend his schedule of exempt property in that regard.

I am of opinion that the referee was in error in refusing such applications. Amendments for proper reasons are contemplated by the general orders in bankruptcy. There is nothing to prevent a bankrupt who has been discharged from having the record amended in a proper case. Proceedings in bankruptcy are governed by the rules and practice in equity, where the acts of Congress and the general orders are silent. All the equities are in favor of the claim, and justify a reversal of the referee. It must be for some gross fault that a claim to exemption should be disallowed. In re Tollett, 5 Am. Bankr. Rep. 404, 106 Fed. 866, 46 C. C. A. 11, 54 L. R. A. 222; In re Falconer, 6 Am. Bankr. Rep. 557, 110 Fed. 111, 49 C. C. A. 50; In re Burke, 14 Am. Bankr. Rep. 31, 134 Fed. 562, 67 C. C. A. 486.

The amendments are allowed, and the balances claimed by the bankrupts, respectively, should be paid to them.

In the matter of the petition for allowance to the attorney for the bankrupts for services in examining records, etc., resulting in complete information with respect to the said mortgages, and leading to their collection by the trustee, I am constrained to increase the amount allowed by the referee. The value to the estate was not slight. The time spent in the examination of the accounts and records relating to the estate of John M. Irwin, the father of the bankrupts, must have been considerable, not to speak of the examination of the titles to the mortgaged premises, to find the debtors upon whom demand for payment should be made.

I believe that from each estate Mr. Rowand should receive the sum of $100, which shall include the $37.50 allowed him by the referee.

Let the several orders be drawn in accordance with this opinion.