---

### BRANDT v. MAYHEW et ux. †

### In re MAYHEW.

(Circuit Court of Appeals, Ninth Circuit. October 13, 1914.)

#### No. 2421.

1. BANKRUPTCY (§ 399*)—EXEMPTIONS—HOMESTEAD — STATE LAW — FAILURE TO DESIGNATE.

A bankrupt is not precluded from claiming a homestead as exempt from the operation of the bankruptcy law merely because, prior to the adjudication, he had failed to designate a homestead as required by the laws of the state, provided he proceed under the state law to perfect his right within a reasonable time after claiming it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

2. BANKRUPTCY (§ 400*)—HOMESTEAD—CLAIM—TIME—FILING SCHEDULES.

Where an adjudication of bankruptcy was entered October 8, 1912, but the schedules were not filed until February 17, 1913, the right of the bankrupt to file the schedules at that time not having been questioned, his claim of a homestead exemption in his schedules, as he was permitted by law to do, was in time.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. § 400.*]

3. BANKRUPTCY (§ 400*)—EXEMPTIONS—HOMESTEAD—DECLARATION — FILING BY WIFE.

Where, after a bankrupt and his wife had made a general assignment for the benefit of creditors, including real property on which they were living, a petition in involuntary bankruptcy was filed and the husband adjudged a bankrupt, whereupon the wife recorded a declaration of homestead on the real property, as she was authorized to do by the state law, she was entitled to claim the property as exempt in the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. § 400.*]

4. BANKRUPTCY (§ 395*)—BANKRUPTCY ACT—AMENDMENT—EFFECT — EXEMPTIONS.

Bankr. Act July 1, 1898, c. 541, 30 Stat. 557, § 47a(2), as amended by Act Cong. June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. 1913, § 9631), providing that trustees in bankruptcy as to all property in the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and as to all property not in the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, did not affect section 6, providing for the allowance to bankrupts of the exemptions prescribed by state laws, nor change the bankrupt's right to exemptions, but was merely intended to render ineffective secret or unrecorded liens, etc.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. § 395.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

† Rehearing denied November 17, 1914.

5. BANKRUPTCY (§ 399*)—EXEMPTIONS—HOMESTEAD—CONVEYANCE FOR BENE-
FIT OF CREDITORS.

Where a bankrupt and his wife made a general assignment of all of
their property, including the real property on which they were living, for
the benefit of all of their creditors, without preference, fraud, or conceal-
ment, and such act constituted an act of bankruptcy, for which the hus-
band was subsequently adjudged a bankrupt, the conveyance did not pre-
clude him from claiming a homestead exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669;
Dec. Dig. § 399.*]

Ross, Circuit Judge, dissenting.

Petition for Revision of Order of the District Court of the United
States for the First Division of the Northern District of California.

In Bankruptcy. In the matter of bankruptcy proceedings of F. S.
Mayhew. On petition to review an order allowing homestead ex-
emption to the bankrupt and his wife, to which Arthur H. Brandt, the
bankrupt's trustee, filed objections. Affirmed.

On April 18, 1912, F. S. Mayhew and his wife made a general assignment
to one Wayman, for the benefit of all of Mayhew's creditors. A part of the
real property conveyed was that upon which the assignors had been living.
On August 17, 1912, a petition in involuntary bankruptcy was filed against
Mayhew; the act of bankruptcy charged being the conveyance to Wayman
above mentioned. On October 8th Mayhew was duly adjudged a bankrupt.
On November 4, 1912, the wife of the bankrupt recorded with the local coun-
ty recorder a declaration of homestead upon a portion of the real property
which she and her husband had conveyed to Wayman. On November 20,
1912, she filed with the referee a petition for an order setting apart as ex-
empt the dwelling house and the land upon which her declaration of home-
stead had been filed. On December 20, 1912, Wayman transferred and sur-
rendered to the trustee in bankruptcy the property so conveyed to him by
the Mayhews. On January 10, 1913, the trustee filed with the referee an
inventory of the property and assets of the estate of the bankrupt, including
as an asset the real property above referred to. On February 17th the bank-
rupt filed his schedules of his creditors and his property, and therein he made
claim to an exemption of $5,000 in value of the real estate upon which his
wife had filed the declaration of homestead. The trustee denied the right
of the bankrupt to the homestead. On February 2, 1914, the referee allowed
the claim to the exemption, and directed the trustee to set aside a homestead
to the bankrupt to the value of $5,000 and to pay and deliver said sum to the
bankrupt out of the proceeds of the then pending sale of the real property
when the sale should be made. The trustee filed his petition for a review
of the referee's order, and on May 7, 1914, the District Court affirmed the
order of the referee. To review that order, the present petition for revision
was filed in this court.

R. H. Cross, of San Francisco, Cal., for petitioner.

Hartley F. Peart and Ernest K. Little, both of San Francisco, Cal.,
for respondents.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON,
District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The
petition presents these questions: (1) Is a bankrupt in the state of
California entitled to claim a real estate homestead exemption, where
neither he nor any one in his behalf has made and recorded a declara-

tion of homestead prior to his adjudication of bankruptcy? (2) Assuming that otherwise he would be entitled to claim the homestead, is he precluded by reason of his voluntary conveyance of the property for the benefit of creditors prior to the petition and adjudication in bankruptcy; the property being subsequently transferred to the trustee?

Sections 1240 and 1241 of the Civil Code of California provide that the homestead is exempt from execution or forced sale, except—

"in satisfaction of judgments obtained: (1) Before the declaration of homestead was filed for record, and which constitute liens upon the premises. (2) On debts secured by mechanics', * * * materialmen's or vendors' liens upon the premises. (3) On debts secured by mortgages on the premises, executed and acknowledged by husband and wife. * * * (4) On debts secured by mortgages * * * executed and recorded before the declaration of homestead was filed for record."

Section 1262 provides:

"In order to select a homestead, the husband or other head of a family, or in case the husband has not made such selection, the wife, must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record."

Section 70a of the Bankruptcy Act provides that the trustee of the bankrupt's estate shall be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, "except in so far as it is to property which is exempt," and property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him.

Section 2, cl. 11, gives courts of bankruptcy authority to "determine all claims of bankrupts to their exemptions."

Section 7, cl. 8, requires the bankrupt to make and file a schedule of his property "and a claim for such exemptions as he may be entitled to."

Section 47a, cl. 11, directs trustees to "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment."

Section 6 provides:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

While exemptions allowed a bankrupt are fixed and defined by the law of the state of his domicile, the Bankruptcy Act is controlling as to the time and manner of claiming, selecting, and allowing exemptions, and the courts have given these provisions of the act a liberal and equitable construction. In Smith v. Thompson, 213 Fed. 335, 129 C. C. A. 637, Judge Hook said:

"In every court the administration of an exemption law should comport with the beneficent spirit that prompted its enactment. A court of equity especially should not attempt to defeat the exemption by niceties in practice. It should be helpful to those whose condition requires them to invoke it."

The contention of the trustee is based upon the language of section 70a, which provides that the trustee shall be vested by operation of law with the title of the bankrupt's property, except as to property which is exempt, which provision, it is said, shows the intention of the law to be that property, in order to be excepted, must be recognizable as exempt at the date of the adjudication. But section 70a does not deal with the time or manner of claiming exemptions. Those matters are regulated by other provisions. Section 7, cl. 8, gives to the involuntary bankrupt the right to claim his exemptions within ten days after the adjudication, and the time within which he may do this may be further extended by amendment, as authorized by general order 11.

[1] A bankrupt is not precluded from claiming a homestead as exempt from the operation of the Bankruptcy Law merely because, prior to the adjudication, he had failed to designate a homestead under the laws of the state, provided that, after claiming it, he proceed under the state law to perfect his right within a reasonable time. In re Fisher (D. C.) 142 Fed. 205; In re Culwell (D. C.) 165 Fed. 828; Goodman v. Curtis, 174 Fed. 644, 98 C. C. A. 398.

[2] But it is urged that the bankrupt in this case did not claim his homestead until after his right to claim it as exempt under the bankruptcy law had expired, in that, although he was adjudged a bankrupt on October 8, 1912, he did not claim the exemption until February 17, 1913. But it appears from the record that the bankrupt did not file his schedules until the date last mentioned, and that in his schedules, as he was permitted by law to do, he made his claim of exemption of a homestead. The reason for the delay in filing the schedules is not explained in the record. No question is made, however, of the bankrupt's right to file them on the date mentioned. We may assume that the referee, upon good cause shown, permitted them to be filed of that date. In Goodman v. Curtis, the bankrupt filed his schedules without claiming his homestead exemption. Six weeks later, upon his application, he was allowed to amend his schedules and file a claim of exemptions. The court said:

"In this case the bankrupt did not waive his exemptions, and he had, notwithstanding his omission to set forth his claim in the schedules, a clear legal right to the exemptions allowed by the laws of the state of Alabama; and we think he had a legal right to prefer his claim in the bankruptcy proceedings at any seasonable time while the property remained in the hands of the trustee unaffected by adverse rights."

[3] Aside from the bankrupt's rights in the premises, we see no ground for denying the right of Mrs. Mayhew to claim, as she did, on November 20, 1912, the dwelling house and the land upon which her declaration of homestead had been filed. The statutes of the state of California recognized her right to do this, and she could not be deprived of that right by the adjudication of bankruptcy against her husband. In re Maxson, 170 Fed. 356, is a case in which the wife had been adjudged bankrupt, but in her schedules had failed to claim a homestead exemption. It was held that her waiver of right to the homestead would not prevent her husband from claiming it.

[4] The petitioner contends that the right which the bankrupt would have to a homestead exemption under the bankruptcy law before the amendment of June 25, 1910, is taken away by that amendment, which adds to section 47a(2) the following:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

The argument is that the amendment puts the trustee, as to all property in the custody of the bankruptcy court, in the position of a creditor holding a lien by legal or equitable proceedings, and, as to all other property, in the position of a creditor holding an execution returned unsatisfied, and that it follows that the trustee in the case at bar is in the attitude of a lien creditor as to the real estate which is claimed as a homestead, and that his lien represents the entire indebtedness against the bankrupt, so as to exclude a claim of homestead exemption. We do not so construe the amendment. Section 6 of the act remains unamended and unrepealed. The amendment does not affect the provision of that section, in which the intention of Congress is plainly expressed, that the Bankruptcy Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by state laws. Section 6 still remains one of the fundamental provisions of the act, and it is the duty of the courts to construe the act with all its amendments as a whole, and to harmonize all its parts. The purpose of the amendment to 47a was to make effective the rights of creditors against those who claimed secret or unrecorded liens or adverse interests in the property of the bankrupt. Before the amendment, the trustee in bankruptcy was vested with no better title to the bankrupt's property than the bankrupt had at the time when the trustee's title accrued. He stood in the shoes of the bankrupt, and where, under the law of the state, a conditional sale, a vendor's lien, or an unrecorded mortgage was good between the parties, it was good as against the trustee. The amendment gives the trustee the right to attack all such unrecorded liens and secret equities, without requiring that he shall be in the position of representing creditors who have acquired liens by legal or equitable proceedings against the bankrupt. It is conceded that the purpose of the amendment was to remedy the situation disclosed in York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, in which it had been reaffirmed that the trustee in bankruptcy was vested with no better right or title to the property than the bankrupt had when the trustee's title accrued, and that where a contract of conditional sale of personal property was good as between the parties themselves, although not filed, the vendor of such property, where payment had not been made, might remove the same as against all creditors of the bankrupt who have not fastened upon it by some specific lien. The amendment should be construed in the light of the purpose which it was intended to serve, and this is shown by the report of the Senate judiciary committee when

the amendment was on its passage. In re Williamsburg Knitting Mill (D. C.) 190 Fed. 871; In re Farmers' Supply Co. (D. C.) 196 Fed. 990; In re Dancy Hardware & Furniture Co. (D. C.) 198 Fed. 336.

[5] It is contended that, the bankrupt and his wife having voluntarily conveyed the real property in question for the benefit of creditors prior to the petition in bankruptcy, they are by that act precluded from claiming the homestead exemption. In certain cases where the bankrupt prior to bankruptcy has conveyed his property for the purpose of giving a fraudulent preference, or to conceal the property in fraud of creditors, and thereafter the trustee in bankruptcy, for the benefit of the creditors has, by his own action, recovered the property, it has been held that there can be no claim of homestead exemption, since the trustee has restored to the estate property which, but for his efforts, would have passed both from the bankrupt and his creditors. In re Coddington (D. C.) 126 Fed. 891; In re Evans (D. C.) 116 Fed. 909; In re White (D. C.) 109 Fed. 635; In re Tollett (D. C.) 105 Fed. 425; In re Long (D. C.) 116 Fed. 113; In re Wishnefsky (D. C.) 181 Fed. 896. These decisions are based upon the ground that to permit the bankrupt thereafter to claim exemptions would be to allow him to take advantage of his own wrong, or on the ground that he can have no right to extend his claim over that to which he has no title, except through the intervention and instrumentality of the trustee. But in the present case no preference was made, and there was no fraudulent transfer. In good faith Mayhew and his wife had conveyed all their property to an assignee for the benefit of all creditors. Bankruptcy ensued before the assignee accepted the trust, and he at once released to the trustee in bankruptcy. Such a voluntary conveyance for creditors can have no effect upon the right of the bankrupts thereafter to claim the exemptions provided by law. The effect of the bankruptcy and the transfer of the property by the assignee to the trustee in bankruptcy was to leave the estate as it would have been if there had been no such voluntary conveyance. In Bryan v. Bernheimer, 181 U. S. 188–192, 21 Sup. Ct. 557, 559 (45 L. Ed. 814), the court said:

"The general assignment, made by Abraham to Davidson, did not constitute Davidson an assignee for value, but simply made him an agent of Abraham for the distribution of the proceeds of the property among Abraham's creditors. This general assignment was of itself an act of bankruptcy, without regard to the question whether Abraham was insolvent."

Cases in point are In re Falconer, 110 Fed. 111, 49 C. C. A. 50; Bashinski v. Talbott, 119 Fed. 337, 56 C. C. A. 241; In re Thompson (D. C.) 140 Fed. 257; In re Soper (D. C.) 173 Fed. 116; In re Irwin (D. C.) 177 Fed. 284.

The petition to revise is denied, and the order of the District Court is affirmed.

ROSS, Circuit Judge (dissenting). The conclusion reached by the majority of the court in this case finds support in some of the District Court cases, but is, I think, in direct conflict with the decision of the Circuit Court of Appeals for the Eighth Circuit in the case of In

re Youngstrom, 153 Fed. 98, 82 C. C. A. 232, where that court said, among other things:

"At what point of time must the bankrupt be entitled to a particular exemption under the state laws to have it allowed and set apart under the saving and protecting provisions of the bankruptcy act? The answer must, of course, be found in that act. Naturally it would be expected that this point of time would not be later than the date as of which the general estate of the bankrupt is wrested from his dominion and vested in his trustee for the benefit of the creditors. And such, we think, is actually and plainly the effect of the provisions before set forth. Thus it is declared, in section 6, that the exemptions to be allowed are those prescribed by the state laws in force 'at the time of the filing of the petition,' and, in section 70a, that, upon his appointment and qualification, the trustee shall be vested, by operation of law, with the title of the bankrupt, 'as of the date he was adjudged a bankrupt,' to all property, not exempt, which, 'prior to the filing of the petition,' he could by any means have transferred, or which might have been levied upon and sold under judicial process against him. Other provisions strengthen this view, notably the requirement of section 7, cl. 8, that a voluntary bankrupt shall claim his exemptions at the time of filing his petition, and that an involuntary bankrupt shall claim them within 10 days after the adjudication, unless further time is granted. Indeed, we think the statute admits of doubt only in respect of whether the right to any claimed exemption is to be determined as of the time of the filing of the petition or as of the time when the debtor was adjudged a bankrupt. That it is to be determined as of the earlier date is suggested by those provisions of section 6, section 7, cl. 8, and section 70a, cl. 5, which make the time of the filing of the petition of special significance, and that it is to be determined as of the later date is suggested by the provision in section 70a that the trustee shall be vested with the title of the bankrupt as of the date he was adjudged a bankrupt. But, as the facts of the present case do not require that we determine this matter, we pass it, observing, first, that the present act differs from that of 1867 in that by section 14 of the latter the trustee became vested with the title of the bankrupt as of the date of the commencement of the proceedings; and, second, that the Circuit Court of Appeals of the Seventh Circuit seems to regard the date when the debtor was adjudged a bankrupt as controlling, as is shown in Re Mayer, 108 Fed. 599, 608, 47 C. C. A. 512, 521, where it was said by Judge Woods: 'The intention of this statute is, without doubt, that the creditors shall have all of the estate of a bankrupt which is not exempt, and that the bankrupt shall have the exemptions allowed by the law of his domicile determined by relation to the date of adjudication.' Although dissenting from the judgment in that case, Judge Jenkins also said (108 Fed. 615, 47 C. C. A. 528): 'The general purpose of the bankruptcy act is that the bankrupt, surrendering his estate not exempt, should be discharged from his debts then existing, and should retain the property exempted and allowed to him by the law of the state of his domicile. The creditors are to have all of the estate not exempt, and must surrender all claims against the bankrupt if he shall receive his discharge. The title to the property thus reserved for the benefit of the creditors is vested in the trustees as of the date he was adjudged a bankrupt. That date is the "dead line," separating the past and the future. All that the bankrupt had on that date, except property exempt, goes to his creditors.' We conclude that a claimed exemption otherwise recognized by the state laws, but to which the bankrupt had not become entitled at the time of the filing of the petition or at the time he was adjudged a bankrupt, is not within the saving and protecting clauses of the bankruptcy act, and cannot be allowed or set apart thereunder."

I think that reasoning entirely sound, and I therefore dissent from the judgment given here.