## In re GORMAN.

(District Court, D. Maryland.   October 12, 1915.)

BANKRUPTCY ☞399—EXEMPTIONS—WAIVER.

Though, under the state law, where a debtor made a deed of trust for the benefit of his creditors without claiming in the deed an exemption to which he was entitled under the state law, he lost his right to such exemption, a subsequent adjudication in bankruptcy struck down the deed of trust, and the bankrupt might claim his exemption as if the deed had never been made, since the bankruptcy court deals with the estate as though such a deed has never been made, except so far as things which cannot be undone have been done thereunder.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ☞399.]

In Bankruptcy. In the matter of Jacob H. Gorman, bankrupt. On exceptions to accounts stated by the referee. Bankrupt's exceptions sustained, and exceptions of the creditors overruled.

Albert S. Brown and H. Dorsey Etchison, both of Frederick, Md., for creditors.

Reno S. Harp and Leo Weinberg, both of Frederick, Md., for bankrupt.

ROSE, District Judge. Certain creditors objected before the referee to the allowance of the exemption of $100 given by the state law to a bankrupt and claimed by him in his schedules. The referee did not pass on the question, but referred it to the court by stating two accounts, one in which the exemption was allowed, the other in which it was not, after a fashion common to auditors in the state courts of equity in Maryland. The better practice under the Bankruptcy Law would have been for the referee to have decided the question one way or the other, and for the unsuccessful party then to have brought it here. In this case, the bankrupt has excepted to the account which disallows the exemption; the creditors, to the account which allows it. The ground of exception set forth by the creditors is that the bankrupt made a deed of trust for the benefit of his creditors; that in this deed of trust he did not claim exemption, and under the law of Maryland he therefore would not, had his estate been administered by the conventional trustee, have been entitled to any exemption. Carroll v. Else & Co., 75 Md. 301, 23 Atl. 740.

The trustee in bankruptcy however, does not claim through the conventional trustee, or under the deed of trust. The effect of the adjudication in bankruptcy was to strike that deed down all together. The bankruptcy court deals with the estate as though such deed had never been made, excepting so far as things which cannot be undone may have possibly been done under it by the conventional trustee. The bankrupt may claim his exemption precisely as if it had never been made. Brandt v. Mayhew, 218 Fed. 422, 134 C. C. A. 210.

No other ground of objection was set forth in the exceptions filed by the creditors, and no other was argued at the hearing. Since then,

however, an objection has been made to the allowance of any exemption to the bankrupt, on the ground that he had fraudulently conveyed and concealed assets, and reference is made to a report of the referee filed in this court on June 5, 1915, to sustain such allegations. I have examined such report of the referee, but I do not think it is now expedient to permit the filing of additional objections to the allowance of the exemption.

The exceptions of the bankrupt to the account which disallows the exemption will be sustained; the exceptions of the creditors to the account which allows the exemption will be overruled.