## In re PLANTS.

(District Court, W. D. Washington, N. D. September 23, 1925.)

No. 7559.

**Bankruptcy ☞396(5)—Selection of homestead held sufficient.**

Selection of a homestead by bankrupt *held* sufficient, under Rem. Comp. Stat. Wash. §§ 552, 558–560, and to entitle him to its exemption under Bankruptcy Act, § 70a (Comp. St. § 9654), where the selection was made in a deed of general assignment duly executed by bankrupt and his wife and recorded, prior to his adjudication, in which the homestead was properly described and claimed as required by the state statute.

In Bankruptcy. In the matter of Dean D. Plants, doing business as the Dean D. Plants Company, bankrupt. On review of order of referee. Affirmed.

The bankrupt claims exempt as a homestead a certain tract of land. The trustee declined to set it aside on the ground that it had not been selected as provided by the laws of the state. The referee directed that the land be set aside, and the trustee seeks review.

On the 8th day of May, 1925, Plants, his wife joining, made an assignment of his property for the benefit of his creditors, which assignment was recorded in the office of the county auditor, attached to the deed of assignment executed and acknowledged in the manner as a grant of real property. The assignors " * * * claim as exempt the southwest quarter of the southeast quarter, and all that portion of the southeast quarter of the southwest quarter lying east of the county road, all in section 19, township 30 north, of range 7 E. W. M., Snohomish county, Washington, excepting * * * tracts * * * conveyed * * * to * * *, being the homestead of the assignors, occupied by them as a homestead, and of a value of $1,500; the assignor, Dean D. Plants, being the head of a family and with a family dependent upon him for support." This bond was not transferred. Adjudication was made May 29, 1925.

Louis A. Merrick, of Everett, Wash., for bankrupt.

Battle, Hulbert, Gates & Helsell, of Seattle, Wash., for trustee.

NETERER, District Judge. A homestead may be selected from lands, with improvements, not exceeding the sum of $2,000 must be used as a home for the claimants (section 552, Rem. C. S. Wash.), and be selected by executing and acknowledging as a grant of real property and declaring and filing the same for record (section 558, supra). The declaration shall contain a statement by the head of the family, showing residence thereon and a description of the premises, and estimated cash value, and claim the same as a homestead (section 559, supra), and be re-recorded in the office of the county auditor of

the county in which the land is situated. (section 560, supra).

Section 70a of the Bankruptcy Act (Comp. St. § 9654) provides: "(a) The Trustee of the estate of a bankrupt, upon appointment and qualification * * * shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except insofar as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

The Supreme Court, in Everett v. Judson, 228 U. S. 474, at page 479, 33 S. Ct. 568, 569 (57 L. Ed. 927, 46 L. R. A. [N. S.] 154), said: "We think that the purpose of the law was to fix the line of cleavage with reference to the condition of the bankrupt estate as of the time at which the petition was filed, and that the property which vests in the trustee at the time of adjudication is that which the bankrupt owned at the time of the filing of the petition."

The Supreme Court, in White v. Stump, 266 U. S. 310, at page 313, 45 S. Ct. 103, 104 (69 L. Ed. 301, 5 Am. Bankr. Rep. 1), said: "when the law speaks of property which is exempt and of rights to exemptions it of course refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors, and the trustee in other particulars are fixed. * * * The bankrupt's right to control and dispose of the estate terminates as of that time, save only as to 'property which is exempt.' Section 70a. The exception, as its words and the context show, is not of property which would or might be exempt, if some condition not performed were performed, but of property to which there is under the state law a present right of exemption—one which withdraws the property from levy and sale under judicial process."

In this case the District Court of Idaho and the Circuit Court of Appeals followed Brandt v. Mayhew, 33 Am. Bankr. Rep. 845, 218 F. 422, 134 C. C. A. 210. The homestead laws of Idaho are distinguished from the laws of Washington in this: That under the laws of Idaho the homestead must be selected prior to the levy of execution, while under the Washington statutes it may be selected at any time before sale. Section 529, Remington's C. S. of Wash. The Supreme

Court, however, definitely fixed the date of filing the petition as the limit of selection.

Homestead laws are liberally construed. In re Cook (D. C.) 219 F. 979. Hills v. Joseph, 229 F. 865, 144 C. C. A. 147. E. P. Lemagie v. Acme Stamp Works, 98 Wash. 34, 167 P. 60. The claim for homestead exemption recorded in the auditor's office, with the deed of assignment for benefit of creditors on May 8, 1925, substantially complies with every provision of statute; the only distinction being, perhaps, the indexing in the auditor's office, and instead of "declaration for homestead" is "homestead exemption," and these cannot be said to be prejudicial.

The order of the referee is affirmed.