**In the Matter of George L. KNAPP and Mary K. Knapp, Bankrupts.**

**Nos. P–BK–68–295, P–BK–68–296.**

United States District Court,
S. D. Illinois, N. D.

Nov. 19, 1970.

David R. McDonald, Lucas, Brown & McDonald, Galesburg, Ill., for bankrupts.

Ronald Henson, Galesburg, Ill., for trustee.

### DECISION ON CERTIFICATE OF REVIEW

ROBERT D. MORGAN, District Judge.

This is a proceeding on petition by the trustee of the captioned bankrupt estates for review of an Order of the Referee in Bankruptcy, entered September 21, 1970, which allowed to George L. Knapp a homestead exemption of $5,000 in the proceeds from the sale of certain real estate on which he resided at the time of the filing of a petition under Chapter XII of the Bankruptcy Act.[1]

Having considered carefully the record on review and the arguments of counsel at a hearing held herein on October 22, 1970, as well as the legal authorities cited by the trustee and the bankrupt, respectively, it is the decision of this court that the Referee's decision is correct as a matter of law.

Two basic issues are presented in this case: one, whether George L. Knapp had a right to a homestead exemption under Illinois law at the time of filing his petition under the Bankruptcy Act; and two, whether the proviso to Section 6 of

---

1. Not Chapter XI as indicated by apparent typographical error on page 3 of the Referee's Opinion and Order.

the Bankruptcy Act deprives him of that exemption.

The Illinois homestead exemption statute provides:

"Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $5,000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; * * *" Ill.Rev.Stat. ch. 52, § 1 (1969)

■ The trustee contends that said Knapp is not entitled to such an exemption· because he specifically waived it in a deed made pursuant to an earlier assignment for the benefit of his creditors.

It seems sufficient to say with regard to the waiver that it was made for the limited purpose of an assignment which was not carried out. Since it appears from the record that the assignment was either avoided in the bankruptcy proceedings, or was voluntarily rescinded by the assignment trustees so that the subject property could be sold free and clear of liens, claims and encumbrances through the Bankruptcy Court, that waiver can have no effect to deprive Knapp of his homestead exemption in bankruptcy. It would be unjust to treat the assignment as a nullity for the purposes of administering the property and funds thereunder through the Bankruptcy Court and not for the purpose of voiding the waiver. Knapp showed that he had no intention of waiving his homestead exemption in the bankruptcy proceeding by claiming it therein and by objecting to the trustee's Report of Exemptions which ignored it.

■ The trustee, citing Sterling Savings & Loan Ass'n v. Schultz, 71 Ill.App. 2d 94, 218 N.E.2d 53 (1966), also asserts that Knapp had no homestead rights in the residence property because he had a mere possessory interest in the property and no title at the time of the filing of the petition. The assignment agreement provided that the bankrupts were to remain in possession of a certain portion of their real estate, which included their residence property, accounting to the assignment trustees for earnings and profits therefrom, and retaining a reasonable amount for tax and upkeep expenses. The property assigned, other than this portion of real estate, was to be liquidated and the proceeds attained thereby were to be distributed either (1) within 60 days immediately following the final disposition of a certain substantial cause of action then in litigation on behalf of the debtors, or (2) upon the expiration of two years measured from the date of the execution of the assignment, whichever was sooner. Only in the event that there were not sufficient proceeds to cover all the debts, after disposition of the debtors' said cause of action or the lapse of two years, were the assignment trustees empowered to sell the portion of the real estate possessed by the bankrupts. If the assets liquidated by the assignment trustees did cover all the debts, without the selling of that portion of the real estate, the bankrupts had a right to have it reconveyed to them under the assignment agreement. Thus, Knapp had a good deal more than a mere possessory interest in the residence property, in the nature of an equitable title subject to divestment. The *Sterling Savings & Loan* case is clearly not applicable here, since that case involved a land trust agreement in which it was expressly provided that no beneficiary was to have any right, title or interest in the real estate involved.

■ The second issue is whether George L. Knapp, by making the assignment for the benefit of creditors, has lost the right to a homestead in the residence property under the proviso of Section 6 of the Bankruptcy Act. Section 6 provides that the bankrupt is allowed any exemption provided for by the state laws in force at the time of the filing of his petition in bankruptcy:

" * * * *Provided, however,* that no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under

this title for the benefit of the estate, \* \* \* " Bankruptcy Act § 6, 11 U. S.C.A. § 24 (1966)

Although a literal interpretation of this proviso might well be said to require a decision in favor of the trustee in bankruptcy, this court decides that the Referee has determined this issue in accordance with the better rule.

In his opinion, the Referee has quoted extensively from I Collier on Bankruptcy ¶ 6.11, at 854 et seq. (14th Ed. 1970). It appears clear that prior to the 1938 amendment, adding the proviso to Section 6, it was the accepted rule that where a general assignment for the benefit of creditors had been avoided, the bankrupt would not lose his exemptions in the assigned property. Although the rationale behind the addition of the proviso is not entirely clear, there was generally " \* \* \* no allusion whatever to anything but fraudulent or preferential transfers or concealments." I Collier on Bankruptcy ¶ 6.11, at 856 (14th Ed. 1970). There is no indication of a fraudulent or preferential transfer in the case at hand, Knapp's assignment for the benefit of his creditors being near the opposite, and it would not be equitable to deprive him of his exemption in subsequent bankruptcy simply because he tried to distribute his property fairly among his creditors.

The cases cited by the Referee, and extensively quoted in his opinion, further persuade this court to uphold his determination of this issue. See Brandt v. Mayhew, 218 F. 422 (9th Cir. 1914); Bashinski v. Talbott, 119 F. 337 (5th Cir. 1902); and In re Dautz, 272 F. 348 (D.C.Ind.1921). Although these cases were decided prior to the addition of the statutory proviso, their rationale remains valid today.

■ In his Petition on Review, the trustee here asserts that the Referee made several errors in his findings of facts. One error asserted was that the Referee failed to find that because of the assignment for the benefit of creditors on June 16, 1967, "most of the creditors desisted and suspended their collection efforts," and "no creditor filed a petition for voluntary bankruptcy of the debtors." These facts are stipulated to be true by the parties, but the Referee's failure to find them cannot justify reversal because the addition of these facts would not require a different disposition of the case. Also, the trustee asserts that the Referee erred in failing to find that the assignment was effective to enable the debtors to obtain forbearance from creditors and to enable the debtors to remain in possession of much of their property. Again, although the finding of such facts would not have been improper, such findings would not change the disposition of any of the legal issues in this case. The fact remains that some creditors did not forbear and took steps to fortify their claims against the debtors, and the assignment effort failed.

Finally, the trustee asserts that the Referee erred by stating as a fact that the bankrupts were entitled to homestead exemption at the time of the filing of the petition under the Bankruptcy Act. Although this finding by the Referee would more accurately be characterized as a conclusion of law, based on the facts in the record, the court, as stated above, agrees with this conclusion of law.

Accordingly, the Referee's Orders entered on September 21, 1970, allowing to George L. Knapp a homestead exemption of $5,000 in the proceeds from the sale of the residence property occupied by the bankrupts at the time of the filing of the Petition in Bankruptcy and ordering the Trustee in Bankruptcy to pay George L. Knapp $5,000 out of the proceeds from the sale of the above described property in satisfaction thereof, are affirmed on review.